[No. 415.   January 28, 1891.]

## ALBUQUERQUE NATIONAL BANK, APPELLANT, v. JOSE L. PEREA ET AL., APPELLEES.

TAXATION OF NATIONAL BANKS—LIABILITY FOR TAXES ON CAPITAL STOCK—
ERRONEOUS ASSESSMENT, INJUNCTION TO RESTRAIN COLLECTION OF
TAXES ON—EQUITY.—The shares of capital stock in a national bank
are not assessable in gross to the bank, but to the respective owners
thereof, according to interest.  But, if the bank lists such shares for
taxation as its property, it will not be heard to complain of such erro-
neous assessment in a proceeding in equity to restrain the collection
of taxes on such assessment.

2.  In such case, where it appears that the property assessed is valued
too high in comparison with similar property owned by others, such
inequality alone does not afford ground for equitable relief.  Before
equity will interfere, relief must be sought in all the tribunals estab-
lished by law to grant relief in such cases.

APPEAL, from a judgment in favor of defendants,
from the Second Judicial District Court, Bernalillo
County.   Judgment affirmed.

The facts are stated in the opinion of the court.

WILLIAM B. CHILDERS for appellants.

The states could not tax national banks as such
without authority of act of congress.  People v. Weaver,

100 U. S. 543; McCullough v. Maryland, 4 Wheat. 316; Osborn v. Bank of U. S. Id. 738; Weston v. City Council of Charleston, 2 Pet. 449.

The authority to tax the shares of national banks is conferred by the national banking act. U. S. Rev. Stats., sec. 5219. As to the meaning of shares used in this statute see Van v. The Assessor, 3 Wall. 583; see, also, Id. 581, as to investment of capital in U. S. bonds.

An assessment on the shares in gross against the bank is illegal and unauthorized. 1 Desty on Taxation, 377, et seq.; People v. Commissioners, 4 Wall. 244; Rosenblatt v. Johnson, 104 U. S. 462; Covington National Bank v. City of Covington, 21 Fed. Rep. 485; National Bank v. Commonwealth, 9 Wall. 353; First National Bank of Richmond v. City of Richmond, 39 Fed. Rep. 369; Collins v. Chicago, 4 Biss. 472; National Commercial Bank v. Mobile, 62 Ala. 284; 19 Fed. Rep. and note, 381; Smith v. Webb, 11 Minn. 378; Miller v. National Bank, 10 N. E. Rep. 360.

In those states where it has been attempted to enforce the tax the courts have held that the provisions of the state laws were such as to make the tax leviable on the shares as distinguished from the capital. National Bank v. Commonwealth, 9 Wall. 358; Covington v. City of Covington, 21 Fed. Rep. 485; Tappan v. Merchants National Bank, 19 Wall. 494; Waite v. Dowley, 94 U. S. 527; Adams v. Nashville, 95 U. S. 19; Desty on Taxation, 389.

The New Mexico statute forbids the assessment to be made on the shares. They show conclusively that the property—the capital of the corporation, is required to be assessed, if it is doing business in the territory. Sections 2815, 2818, 2819, 2820, 2822, 2830, 2930, Comp. Laws, N. M.

The act of congress does not permit the capital of the bank to be taxed. If the assessment in this case

complies with the territorial law it is void because in conflict with the act of congress. If it complies with the act of congress it is void because in conflict with the law of the territory. If it attempts to comply with the territorial law, without strict compliance therewith, it is void. Cooley on Taxation, 259, 260; 2 Desty on Taxation, 642; National Bank v. Elmira, 53 N. Y. 49.

Banks may be compelled to pay taxes assessed upon their shares when the state statute authorizes it. In the absence of such legislation such tax upon the shares is collected of the shareholders in the same manner other taxes are collected from individuals. 1 Desty on Taxation, 389; Sumpter Co. v. Bank, 62 Ala. 464.

The taxation must "not be at a greater rate than upon other moneyed capital in the hands of individual citizens of the state." If this assessment can be upheld under the statutes of New Mexico, then there is a discrimination, for individuals can deduct, under the statute of the territory, from any credits they may own, any indebtedness they may owe; and if the statute authorized such an assessment as is here attempted to be upheld, both the assessment and the law would be void. Evansville Bank v. Britton, 104 U. S. 322; Supervisors v. Stanley, Id. 305; Hills v. Exchange Bank, Id. 319; Whitbeck v. Mercantile Bank, 127 U. S. 193; People v. Weaver, 100 U. S. 539.

The assessment for 1888 included the bank's surplus. Nothing but the bank's real estate can be taxed to the bank. Rosenblatt v. Johnson, 104 U. S. 462.

The assessments are void because there was no apportionment on the bank's real estate for either year. 2 Desty on Taxation, 642, and cases cited; Santa Clara Co. v. S. P. R. R. Co., 118 U. S. 394; The Pacific R. R. Cases, 127 U. S. 1.

The statute of the territory requires the assessments, if on the shares, to be made in the name of the owner thereof, and the bank is not the "owner."

Such assessments must be authorized by state law. Stetson v. Bangor, 56 Maine, 288; Smith v. Webb, 11 Minn. 378.

Injunction is the proper remedy, and the bill states a proper case. Hills v. National Bank, 105 U. S. 105; Evansville Bank v. Britton, Id. 322; Pelton v. Bank, 101 U. S. 143; R. R. Co. v. Ryan, 113 U. S. 311; Taylor v. Secor, 92 U. S. 575; Boyer v. Boyer, 113 U. S. 689; Stanley v. Albany, 121 U. S. 535; Commissioners v. A., T. & S. F. R. R., 10 Pac. Rep. 294; 2 Desty on Taxation, 669–678, and cases cited.

A bank can maintain a bill for an injunction to restrain the collection of an illegal tax, on account of its fiduciary character, and to prevent a multiplicity of suits. Cummings v. Bank, 101 U. S. 157; Union Pacific R. R. Co. v. Cheyenne, 113 U. S. 526; Allen v. B. & O. R. R. Co., 114 U. S. 311.

It was not necessary to tender any part of the tax, the assessments being wholly void. Santa Clara County v. R. R. Co., 118 U. S. 414; 2 Desty on Taxation, 657.

It was not necessary to appeal either to the assessor, board of county commissioners, or territorial board of equalization, as a prerequisite to relief in equity, they having no jurisdiction to levy at all and no authority to grant relief for any claim that might have been made for a deduction of indebtedness of stockholders. Whitbeck v. Mercantile Bank, 127 U. S. 199. See, also, Stanley v. Supervisors, 121 U. S. 550; Weller v. St. Paul, 5 Minn. 95; 21 Arkansas, 40.

Neither board had any power to wholly remit this assessment, and an appeal would have been unavailing. Acts, 1887, pp. 232, 233; sec. 2841, Comp. Laws; Whitbeck v. Bank, 127 U. S. 199.

It has been held that the word "state" in the act of congress includes "territory." County of Silver Bow v. Davis, 12 Pac. Rep. 688.

EDWARD L. BARTLETT, solicitor general, for appellees.

The general offer "to pay whatever may be found to be justly and legally due" is too vague and uncertain to give equity jurisdiction. National Bank v. Kimball, 103 U. S. 732; Pelton v. Comm'rs National Bank, 101 U. S. 143; National Bank Cases, 277, 278; Cummings v. Bank, 101 U. S. 163; Stanley v. Board, 121 U. S. 535, vol. 3; Williams v. Board, 122 U. S. 154; National Bank Cases, 281, 282; 1 High on Injunctions, sec. 498; Note to Holland v. Mayor, 69 Am. Dec. 203, and cases cited.

Complainant having failed to exercise its right of appeal from the action of the taxing officer to the board of county commissioners, and the territorial board of equalization, and given in its list with values attached for taxation, is estopped from questioning the regularity of the proceedings, or the taxable value or character of the property. Laws, 1887, 232; 2 Pom. Eq. Juris. 804; McMohen v. Palmer, 102 N. Y. 176; 3 National Bank Cases, 645; Commissioner Silver Bow Co. v. Davis, 6 Montana, 306; 3 National Bank Cases, 553; Welty on Assessments, secs. 195–210, sec. 4, note 5; Inhabitants of Newburyport v. Co. Comm'rs, 12 Metc. 213; Id. 223, 224; First National Bank of St. Jo. v. Township of St. Jo., 9 N. W. Rep. (Mich.) 839; State ex rel. v. Cooper, 18 N. W. Rep. (Wis.) 438; Felsenthal v. Johnson, 104 Ill. 24; Stanley v. Board, 121 U. S. 535; 3 National Bank Cases, 276; State v. Kenttshnitt, 4 Nev. 209; Buttenuth v. St. Louis Bridge Co., 123 Ill. 535; note to Holland v. Mayor, 69 Am. Dec. 204, and cases cited.

This was substantially a tax against the shareholders of the capital stock of the bank, and not against the capital stock of the bank. The bank only acted as agent in paying the tax and making the list

for the convenience of its shareholders and the public. Compiled Laws, 1884, secs. 2812, 2815, 2818; National. Bank v. Commonwealth, 9 Wall. (U. S.) 353, 363; Miller v. Banks, 3 National Bank Cases, 717; Cummings v. Nat. Bank, 101 U. S. 156, 157; Cooley on Taxation, 274-395, and cases cited.

All presumptions are in favor of the validity of the law, particularly in regard to taxation. If part of a law is valid and part not, the valid part will be sustained by the courts. See note to Holland v. Mayor, 69 Am. Dec. 203, and cases cited.

The claim of exemption of $300 from taxation, allowed by our statutes, and of all bona fide debts from credits, is a personal privilege, to be claimed only by the person himself before the proper tax tribunals, and one which the bank can not urge in its favor in an equity proceeding. Supervisors v. Stanley, 105 U. S. 305-322; Whitbeck v. National Bank, 127 U. S. 193-199; McAden v. Comm'rs, 97 N. C. 355, 3 National Bank Cases, 694; Bressler v. Wayne Co., 25 Neb. 468, 3 National Bank Cases, 564; Wassen v. First Nat. Bank, 107 Ind. 206, 3 National Bank Cases, 424-433; Stanley v. Board, 121 U. S. 535, 3 National. Bank Cases, 268; Williams v. Weaver, 100 U. S. 547; First National Bank of St. Joseph v. Township, 9 N. W. Rep. (Mich.) 839; Welty on Assessments, 331.

National Bank shares are taxable in the territories as in the states. Comm'rs Silver Bow Co. v. Davis, 6 Montana, 306, 3 Nat. Bank Cases, 546; Cooley on Taxation, pp. 60, 61.

Under the pleadings in this case there is no inequality, lack of uniformity, or unjust discrimination against complainant, as charged, therefore no injury, no cause of action. Adams v. Nashville, 95 U. S. 19; Mercantile Bank v. N. Y., 121 U. S. 161-163; Lionberger v. Rouse, 9 Wall. 475; Bank v. Richmond,

39 Fed. Rep. 313; First National Bank v. Douglass, 1 Central Law Jour. 585.

If the tax levy is void, the bank has its remedy at law, and suit in equity will not lie. Howland **v.** Mayor, 69 Am. Dec., and cases cited.

O'BRIEN, J.—The complainant, on the third day of November, A. D. 1888, filed his bill of complaint in the district court for the county of Bernalillo against the defendants, Jose L. Perea, sheriff and ex officio collector of taxes, and Clifford L. Jackson, district attorney, of said county, for the purpose of obtaining an injunction restraining them from enforcing the collection of certain delinquent taxes assessed to the complainant. The bill, in substance, alleges that complainant made due returns to the county assessor of all its property for taxation. That at such time it protested against the assessment of its property, to wit: its capital stock and surplus, at any higher rate of valuation than other property taxable in said county, and that it ought not to be assessed at its par value; that is, "that its stock could not be assessed at par, and its surplus at its full money value, because other property in said county and territory is not assessed at its full value." That the assessor, disregarding such protest, assessed said property at its full value; that, upon complainant's appeal from the action of the assessor to the board of county commissioners sitting as a board of equalization, the assessment on its surplus was reduced to eighty-five per cent of its par value, whilst that of its capital stock was left unchanged; that its property valuation then stood as follows: Capital stock, $100,000; surplus, $10,000; total, $110,000. The bill proceeds: "That all other property in said county and territory is not assessed at nearly so high a valuation upon its actual value as said board of equalization assessed your orator's said prop-

erty. That the average valuation of other property in the hands of individuals and other corporations in said county and territory does not exceed seventy per cent, and that it is so assessed systematically and continuously by the said assessor of said county and said board of equalization, and no valuation estimated upon its actual value of at least thirty per cent." That bank stocks in a neighboring county are assessed at less than eighty-five per cent of their value; that such discrimination is inequitable, unjust, and unlawful; that the amount of taxes upon said equalized assessment is the sum of $2,189; that such amount, if lawfully and equitably assessed, would be reduced to $1,532.30, which sum complainant brings into court, and tenders to defendant Perea; that said defendant refused to accept the same, and threatened to levy upon complainant's property to enforce the payment of the full amount so assessed. The bill continues: "Your orator further alleges that, should it pay the sum so unlawfully demanded of it by virtue of said assessment, and bring suit at law for the recovery thereof as is illegal and unjust, such suit would be unavailing, for the reason that any judgment recovered by your orator against said county of Bernalillo or territory of New Mexico would be paid in warrants of the said county and territory, which said warrants are not worth their face value, but are sold upon the market at a discount, there being no funds in the treasury with which to pay the same, if presented." The bill then informs the court of the legal effect of a forced sale of complainant's property. Then follows the prayer for a writ of injunction, etc. On November 29, 1889, complainant, by leave of the court, filed a supplemental bill, containing additional allegations, in substance as follows: That the shares of its capital stock can only be assessed to the individual owners thereof, and are not subject to assessment and taxation as the property of the bank; that a large portion

of such capital stock is owned by nonresident heads of
families; that a large portion of complainant's capital
stock is invested in government bonds, etc.   Defend-
ants demurred to some and answered other portions of
the bill.   The parties then filed a stipulation, in ac-
cordance with which complainant struck from its orig-
inal and supplemental bills all allegations that the
assessor and board of equalization unjustly discrimi-
nated in the valuation and assessment of com-
plainant's property.   Defendants then withdrew their
answer, and stood upon their general demurrer to the
bills as amended.   The demurrer was sustained, and
judgment entered dismissing the bill.   The cause is in
this court by appeal from such judgment of dismissal.

. The appellant assigns as error: First. The order
of the court below sustaining defendant's demurrer to
the supplemental bill.   Second. The demurrer did not
answer the allegations that the assessment was upon
complainant's capital stock and surplus, and was in
solido, and against complainant, and not against its
shareholders, and was, therefore, void.   Third. The
demurrer did not apply to the original bill, and the
court, therefore, erred in dismissing the same.   Fourth.
Neither of the assessments for either of the years 1888
or 1889, alleged to have been made on the capital
stock, surplus, and personal property of the complain-
ant, against the complainant, and not against the
shareholders, is valid, but they are void on their face,
and both the assessor and board of county commis-
sioners sitting as a board of equalization were wholly
without jurisdiction to make the same; and the pre-
tended tax rolls referred to in complainant's bills
confer no authority on the defendant collector to
enforce the payment of said tax assessment.   We
LIABILITY of       shall consider the four assignments to-
national banks   gether.   The statutes of the territory
for taxes on
capital stock.     (sections 2822–2825, Comp. Laws, 1884),
impose the duty upon the assessor to make a proper

return of all taxable property in his county, and re-
quire all taxable inhabitants to furnish such assessor
with a list of all their taxable property, duly verified.
The complainant made and delivered to the assessor
such list, embracing the property referred to in the
bill, including the shares of its capital stock.  A cer-
tain percentage was extended on all this property at
its par value for the purpose of taxation.  No com-
plaint was ever made to the assessor or to the county
board of equalization that complainant did not own
the property so voluntarily listed.  Its sole objection
was that its property had been assessed higher than a
similar property owned by other parties, and that such
discrimination was illegal.  The public officers had a
right to assume that the bank had no other grievance
to redress.  It never hinted that it had been mistaken
in listing the shares of its capital stock as its individ-
ual property instead of the property of its shareholders.
In such case, when complainant had had ample oppor-
tunity to have its error corrected by the proper statu-
tory tribunal, it would be unfair to the public interests
to allow it for the first time in its supplemental bill in
this suit to set up as the basis of a bill in equity to
restrain the collection of a tax its own mistake that
misled the revenue officers of the territory, and its
subsequent negligence in failing to ask the proper
tribunal to relieve it from the consequences thereof.
Admitting that the shares of its capital stock should
not be assessed in solido to it, but to the respective
owners, according to interest, we hold that it can not
be heard in this suit to complain of such erroneous
assessment.  Complainant, and not the public, should
be made to suffer the consequences of such mistake.
<span style="margin-left:2em">ERRONEOUS</span> In considering the other points presented
<span style="margin-left:2em">assessment:</span> by the record, to wit, that the property
<span style="margin-left:2em">equity.</span> taxed was rated at a higher valuation
than similar property owned by individuals and other

private corporations, it does not appear that such property was valued higher than its market value, but that it was valued too high in comparison with similar property owned by others. We hold that such inequality alone does not afford ground for equitable relief in the present case. It was complainant's duty to apply to all the tribunals established by the laws of the territory to grant the desired relief. See chapter 73, Laws, 1887. Failing in this, equity will not restrain the collection of the tax on account of such errors. Meyer v. Rosenblatt, 78 Mo. 495. If the county board refused complainant the reduction demanded, an appeal lay to the territorial board, and, having failed to take such appeal in the manner prescribed by the statute, complainant is not entitled to the relief sought. The foregoing views are, in our opinion, a sufficient answer to all the substantial grounds of error presented by the record. It follows that the judgment appealed from is AFFIRMED.

McFie, Seeds, and Freeman, JJ., concur.