## ALBUQUERQUE BANK *v.* PEREA.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 710. Submitted December 14, 1892. — Decided January 3, 1893.

When a statute requires property to be assessed for taxation at its cash value, a bill to enjoin the collection of a tax, solely on the ground that the property of other persons is assessed below its cash value cannot be maintained by a person whose property is also assessed below that value.

In order to procure an injunction restraining the collection of a tax, it is necessary to pay, or offer to pay, such parts of the sum assessed as is not disputed.

On November 3, 1888, appellant, as plaintiff, filed its bill in the District Court of the Second Judicial District of the Territory of New Mexico, to restrain the defendant, sheriff. and *ex officio* collector of Bernalillo County, from the collection of the regular territorial, county, and city taxes assessed and levied upon its property for the year 1888. The ground upon which the injunction was sought was, generally speaking, inequality and discrimination in the assessment. The bill al-

leged that the plaintiff made a return of its property for taxa-
tion to the assessor, protesting at the time that its property
should not be assessed at any greater rate than other prop-
erty ; that, disregarding the protest, the assessor assessed the
property at its par and full value ; that thereupon it appealed
to the board of equalization, which reduced the assessment
to 85 per cent ; "that all other property in the county and
Territory is not assessed at near so high a valuation upon its
actual value ;" and that the average valuation of such other
property does not exceed seventy per cent of its actual value.
At first there were also allegations to the effect that the asses-
sor and board of equalization systematically discriminated in
the valuation and assessment of complainant's property and
other property in the Territory, but they were voluntarily
stricken out by the plaintiff. It further alleged "that the
amount of its taxes upon the assessment as made by the
board of equalization is the sum of two thousand one hundred
and eighty-nine ($2189) dollars, and that the amount of the
assessment which your orator should justly pay for its said
property, if lawfully, equitably and justly assessed, would be
the sum of fifteen hundred and thirty-two dollars and thirty
cents, which said sum your orator brings into court and hereby
tenders and offers to pay to the said defendant, José L. Perea,
ex officio collector of said county of Bernalillo."

Subsequently, and on November 29, 1889, it filed a supple-
mental bill, the purpose of which was to restrain the collec-
tion of the taxes for the year 1889. That bill, on its face,
failed to allege the amount of taxes levied upon the property
of the plaintiff for that year ; though by reference to one of
the exhibits attached, the assessment roll for the county, it
appears that it was $3713.76. There was an allegation that
the amount admitted in the original bill to be justly due for
the taxes of 1888 had been paid ; and then follow these aver-
ments, which are all there is, in respect to an admission of an
amount due, payment, or tender:

"And your orator further alleges that, having paid all the
taxes for which it was liable for the year 1888, it now comes
into court and offers to pay all the taxes which can justly and

lawfully be assessed against it, and for which it may be justly and lawfully liable for the year 1889, and, now tenders the same into court. . . .

"And your orator further alleges that the said assessment and said tax roll are so made out that it is impossible to separate the property upon which your orator is justly and lawfully taxed, and the taxes upon which *is* just and lawfully levied, from the balance of the taxes assessed against your orator, but whatever sum may be ascertained by the court to be so justly due from your orator on account of taxes for the year 1889, your orator is ready and willing *and* bring the same into court and is ready to pay the same."

A demurrer to these bills, original and supplemental, was sustained by the District Court, and the bills dismissed; and on appeal to the Supreme Court of the Territory this decree was affirmed. From the decision of the Supreme Court of the Territory complainant has brought this appeal.

*Mr. William B. Childers* for appellant.

*Mr. Edward L. Bartlett* for appellee.

Mr. Justice Brewer delivered the opinion of the court.

The decree dismissing the original and supplemental bills must be sustained. As to the tax of 1888, the case stands upon the allegation that plaintiff's property was originally assessed at its full value, while other property was assessed seventy per cent thereof; that it appealed to the board of equalization for a reduction; and that such tribunal reduced the valuation, but only to eighty-five instead of seventy per cent. It would seem that the mere statement of this was sufficient. The law of New Mexico requires property to be assessed at its cash value. Confessedly, this plaintiff's property was assessed at fifteen per cent below that value. Surely, upon the mere fact that other property happened to be assessed at thirty per cent below the value, when this did not come from any design or systematic effort on the part of the county officials, and when the plaintiff has had a hearing as to

the correct valuation, on appeal before the board of equalization, the proper tribunal for review, it cannot be that it can come into a court of equity for an injunction, or have that decision of the board of equalization reviewed in this collateral way. *Stanley* v. *Supervisors of Albany*, 121 U. S. 535.

With respect to the taxes of 1889, there was no payment or tender of payment of any amount. Plaintiff seeks to avoid the necessity therefor by alleging that it is impossible to separate the legal from the illegal portions of the taxes; an allegation which is manifestly untrue, in view of the fact that it had no difficulty in making the separation in the taxes of 1888, the assessment for which was made in a similar way; and in view of the further fact that it must have known what property it had which was subject to taxation as well as its value, and, therefore, the rate of taxation being fixed by law, it could, of course, have known what amount was undoubtedly due. The rule in respect to this matter is perfectly well settled in this court. In *State Railroad Tax Cases*, 92 U. S. 575, 616, it was fully considered. In that case it was said by Mr. Justice Miller, speaking for the court : "It is a profitable thing for corporations or individuals whose taxes are very large to obtain a preliminary injunction as to all their taxes, contest the case through several years' litigation, and when in the end it is found that but a small part of the tax should be permanently enjoined, submit to pay the balance. This is not equity. It is in direct violation of the first principles of equity jurisdiction. It is not sufficient to say in the bill that they are ready and willing to pay whatever may be found due. They must first pay what is conceded to be due, or what can be seen to be due on the face of the bill, or be shown by affidavits, whether conceded or not, before the preliminary injunction should be granted. The State is not to be thus tied up as to that of which there is no contest, by lumping it with that which is really contested. If the proper officer refuses to receive a part of the tax, it must be tendered, and tendered without the condition annexed of a receipt in full for all the taxes assessed." Many other cases to like effect might be cited.

The decree will be                                      *Affirmed.*