[No. 2956.    Jan. 8, 1927.]

STATE v. BOARD OF TRUSTEES OF TOWN OF LAS VEGAS et al.

[253 Pac. 22.]

SYLLABUS BY THE COURT

1. Error in overruling demurrer unavailable, unless stood upon.

2. Error not available, unless called to attention of trial court.

3. In suit by state for taxes, judgment should include statutory penalties and interest, although there is no proof as to the amount thereof.

4. Under Code 1915, § 5437, and Laws 1921, c. 133, § 203, the description of real estate in a tax assessment will be good, if such description would be sufficient in a deed to identify the property so that title thereto would pass.

[1] 4CJ p. 938 n. 9; 31 Cyc p. 719 n. 78; 37 Cyc p. 1113 n. 81. [2] 3CJ p. 689 n. 41; p. 742 n. 3; 37 Cyc p. 1255 n. 64 New. [3] 37 Cyc p. 1254 n. 50, 54.   [4] 37 Cyc p. 1052 n. 13; p. 1053 n. 18; p. 1055 n. 28.

Appeal from District Court, San Miguel County; Leahy, Judge.

Suit by the State against the Board of Trustees of the Town of Las Vegas, administering the Las Vegas land grant, and land, real estate and property. Judgment for the State for less than it asked, and it appeals. Reversed and remanded, with direction.

Milton J. Helmick, Atty, Gen., J. W. Armstrong, Asst. Atty. Gen., and M. E. Noble, of Las Vegas, for the State.

O. O. Askren, of Roswell, for appellee.

## OPINION OF THE COURT

WATSON, J. This is a suit by the state to obtain personal judgment against the board of trustees of the town of Las Vegas and a lien upon its real estate for taxes assessed upon said real estate in San Miguel county for the years 1919, 1920, 1921, and 1922. The complaint alleged that certain sums had been duly and legally assessed and levied for those years and remained unpaid; the aggregate being about $11,000, besides penalties and costs.

The only defense made by the answer was that in each of said four years the property had been assessed in excess of its actual cash value, which, it was alleged, was not to exceed $1.50 per acre in each of said years, and that the proper sum had been tendered to satisfy the taxes if the assessments had been made on that basis.

The state demurred to the answer as to the 1919 and 1920 assessments for the reason that in the absence of fraud or other ground of equitable relief mere excessive valuation could not be relieved against by the court. As to the 1921 and 1922 assessments, the state replied, denying the fact of excessive valuation. The demurrer was overruled. Thereupon the state replied, denying the fact of overvaluation as to the 1919 and 1920 assessments.

The court made findings and conclusions to the effect that the 1919 and 1920 assessments were entirely void for insufficiency of description of the real estate, and that the 1921 and 1922 assessments were excessive, as claimed by the defendant. As the defendant had tendered payment of the taxes for all of the years mentioned on the basis of valuation of $1.50 per acre, judgment was entered for the amount tendered. The state having called the court's attention to the failure to include penalties and interest, the court ruled that there could be no interest or penalties as to the 1919 and 1920 assessments, because they were void, and could be none as to the 1921 and 1922 assessments because the state had closed its case without having made proof as to the proper amount of such penalties and interest. From this judgment, the state has appealed.

[1, 2] The first matter urged as error is the overruling of the demurrer to the answer as to the 1919 and 1920 assessments. Appellant has submitted an elaborate argument to support the contention that prior to the 1921 act (chapter 133, § 431) the district court was without jurisdiction to lower an assessment merely because excessive of cash value. It is undoubtedly right. State v. Persons, etc., 29 N. M. 654, 226 P. 886 . The lower court, doubtless, erred in overruling the demurrer. The error is unavailable, however, because the state failed to stand upon its demurrer, but pleaded over in denial of the facts. Pople v. Orekar, 22 N. M. 307, 161 P. 1110; Tenorio v. Leyba, 30 N. M. 524, 239 P. 1034. This error did not recur in the case for the reason that the decision as to 1919 and 1920 was not based upon the excessive valuation, but upon the complete invalidity of the assessments. There is a question as to the correctness of the court's action in this respect, but it is also unavailable. Although the answer raises no question as to the legality of the assessments in any respect, except that they are in excess of true cash value; and, although the defendant would seem to have ad-

·mitted their validity by having tendered the amount necessary to satisfy the taxes on an assessment of $1.50 per acre, the court ruled, of its own motion, that the state must make proof of valid assessments. In making such proof, the facts developed upon which the court based its holding that the assessments were illegal for insufficincy of description. This ruling, however, was not objected to, and seems to have been acquiesced in. If erroneous, it is not reviewable because not brought to the attention of the trial court. Laws 1917, c. 43, § 37; State v. Garcia, 19 N. M. 414, 143 P. 1012.

[3] The next contention is that the court erred in failing to include penalties and interest in the judgment. The state contends that the correct rule is laid down in Cottle v. Union Pac. R. Co. (C. C. A.) 201 F. 39, namely (quoting from the brief):

"That a tax void entirely gives no rights and will carry no penalties, either by way of interest or otherwise; that a tax valid in part and void in part will carry a penalty by way of interest or otherwise to the extent that it is valid."

If that be the correct rule, and the taxes for 1919 and 1920 were void as the court held, his ruling as to those years was correct, but incorrect as to 1921 and 1922. The ruling of the court as to the latter years, refusing to allow penalties and interest because of lack of proof of the amount, was, as we think clearly erroneous. The amount was to be determined merely by consideration of the statutes and the making of mathematical calculations. The appellee does not undertake to defend this ruling, but urges that the 1921 and 1922 assessments were equally void as those of 1919 and 1920. This may be the fact, but it does not appear. The court did not hold them void, and the descriptions for those years are not in the record. We hold, therefore, that the court erred in failing to include in the judgment interest and penalties for the years 1921 and 1922.

[4] Finally, it is contended that the court erred in holding the assessments for 1919 and 1920 void for insufficiency of description. The assessment for 1919 appears in the transcript as follows:

"Board of Trustees of the Town of Las Vegas, Administering the Las Vegas Grant. The undisposed part of the Las Vegas grant, under the management of the board of trustees.

"Description: 'Bounded on the north, Sapello river; south, Antonio Ortiz grant; east, Aguaji Llyegua; west, Pecos Forest.' The remaining part being hilly and rough cannot be used for agriculture; dry grazing lands. * * * 35,000 acres, at $4.50, class E land, $157,500.00."

The 1920 assessment was not substantially different, except that the acreage is given as 29,215, and it was assessed at $4 an acre.

The boundaries above mentioned are the exterior limits of the Las Vegas grant, only the undisposed of portions of which it was intended to assess. The county treasurer testified that from the description above he could not tell what lands were assessed, and that many thousands of acres within the exterior boundaries had been disposed of. · Appellee states in the brief that the exterior boundaries employed in the description include about one-fourth of San Miguel county, including Las Vegas, East Las Vegas, and other towns. This fact was not proven nor found; but the court might have taken, and probably did take, judicial notice of it.

To sustain the decision, appellee relies largely upon Manby v. Voorhees, 27 N. M. 511, 524, 203 P. 543, 548. In that case, the court had under consideration Laws of 1899, c. 22, § 25, providing for a description in the assessment roll, "such * * * as will serve to identify * * * "the property. It was there held that a sufficient description was a jurisdictional requisite of an assessment, and held, further, that describing the property as so many acres of land in Taos county was insufficient. This word of caution was uttered by Mr. Justice Parker, who wrote the opinion:

State v. Board of Trustees of Las Vegas, 32 N. M. 182

"In so holding, we desire to be rather cautious in laying down any hard and fast rule on the subject of necessary description of property for taxation. We appreciate the difficulty in this state in properly describing real estate, because of the fact that a large proportion of the property is held by metes and bounds rather than by government legal subdivisions, growing out of the fact of the large areas covered by Spanish and Mexican land grants."

In the present case we have to deal with a land grant, and are controlled by a different statutory provision, namely: That the description shall be "such as would be sufficient in a deed to identify it so that title thereto would pass." Code 1915, §5437. Such is also the provisions of Laws 1921, c. 133, §203. The change in the controlling statute seems to involve a change in principle. While formerly the description appearing upon the tax roll must, in itself, be sufficient to identify the property, under the present law the description will be good if it would be sufficient in a deed to identify the property so that the title would pass. Under well-known principles, we consider that the description here in question, if contained in a deed, would have been sufficient to pass title. Armijo v. New Mexico Town Co., 3 N. M. (Gild.) 427, 5 P. 709. See, also (though the point was not there decided), Maxwell Land Grant Co. v. Dawson, 7 N. M. 142, 34 P. 191, and the same case in the United States Supreme Court, reported in 151 U. S. 586, 14 S. Ct. 458, 38 L. Ed. 279. We are therefore constrained to hold that the trial court erred in holding void the assessments for 1919 and 1920.

From the principles herein announced, it follows that the judgment must be reversed and remanded to the district court of San Miguel county, with direction to enter judgment for the state for taxes for the years 1919 and 1920 as assessed, and for the years 1921 and 1922, upon the valuation as determined by the district court, with the statutory interest, penalties and costs for each of said four year, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.