[No. 3172. Aug. 25, 1927. Rehearing Denied Oct. 29, 1928.]

## SECURITY INVESTMENT & DEVELOPMENT CO. v. GROSS, KELLY & CO.

[271 Pac. 95.]

James W. Norment, of Albuquerque, for appellant.

A. M. Edwards, of Santa Fe, for appellee.

### OPINION OF THE COURT

BICKLEY, J. Plaintiff (appellant) brought an action in ejectment against defendant (appellee) to recover possession of "lots No. 83 and 84 of the valuable building lots addition to the city of Santa Fe, which said lots are situated on the north side of Montezuma avenue in said city of Santa Fe, in the county of Santa Fe and state of New Mexico, and are also shown by said numbers and in said location on what is known as King's map of Santa Fe, N. M., and are situated near the railway depot." Plaintiff claimed title by virtue of a tax deed from Santa Fe county. The question of the validity of said tax deed and of

the proceedings culminating therein is the main question in this case.

There was a purported assessment, as follows:

"J. B. Meyers, tract of land, lot, valuable building add. lots 66 to 200."

One of the defenses is that said assessment was void, for the reasons: (a) That it was a blanket assessment of numerous tracts and parcels of land which were owned by numerous persons, and that it was impossible for any of said owners of said individual tracts included therein to determine from said assessment the amount of taxes properly assessed against their individual tracts, etc.; (b) that said assessment failed to describe the lands attempted to be assessed with sufficient definiteness to apprize the owners thereof of what lands were affected thereby, in that it was impossible to determine from said assessment what tract of land within lots 66 to 200 of valuable building addition was attempted to be covered by said assessment, and in that there was no addition to the city of Santa Fe, and there was no tract of land within the county of Santa Fe on said date sufficiently noted or designated or commonly known as "valuable lots add.," or "valuable lots addition," but that there were two plots or tracts of land within the city to which said title of valuable building addition would be equally applicable, one a plat dated 1880, entitled "Valuable Building Lots Adjoining the Railroad Depot, Santa Fe, N. M.," in which the tracts of land involved in this suit were designated as lots 83 and 84; and also that certain plat, dated May 15, 1890, entitled "Valuable Building Lots in Michael Berardinelli Addition on Don Gaspar Avenue in Santa Fe, N. M."; that said J. B. Meyers was not the owner of lots 66 to 200 in any addition in the county of Santa Fe, but was the owner of lots 66 *and* 200 of that tract shown upon the map entitled "Map of Valuable Building Lots Adjoining the Railroad Depot, Santa Fe, N. M., 1880," and that said assessment, as the same appeared upon the tax roll, was described in the manner aforesaid by inadvertence and typographical mistake.

The court found that, prior to the commencement of the action, the defendant purchased from Aniceto C. Abeytia and others certain real estate, situated in the city of Santa Fe, two lots of land, known and described on a certain map of valuable building lots adjoining the railroad depot as lots numbered 83 and 84, and taken together are bounded as follows: (Description by metes and bounds): that the defendant was, at the time of said conveyance, let into the possession of said premises, and ever since has been in actual possession thereof, claiming title thereto, and that the defendant and its predecessors in title have been in actual possession of said property, claiming title thereto since October 25, 1880; that an assessment for taxes for the year 1904 was made against one J. B. Meyers in words and figures as follows, to wit: "J. B. Meyers, tract of land, lot, valuable building add. lots 66 to 200"; that said Meyers failed to pay the taxes assessed against him, and thereafter tax sale certificate for said taxes was issued to the county of Santa Fe, and thereafter sold by the treasurer of said county to J. W. Norment, who received a tax deed therefor; that said Norment thereafter conveyed by quitclaim deed to the plaintiff his title under said tax deed.

"(6) That at all times mentioned herein there was in the city of Santa Fe aforesaid a tract of land known as 'valuable building lots adjoining the railroad depot, Santa Fe, N. M., according to map thereof 1880,' and also a tract of land known as 'valuable building lots in the Michael Berardinelli addition,' but there was no tract of land in said city of Santa Fe or in the county of Santa Fe at any time material hereto known as 'valuable building lots addition,' or as 'valuable building lots add.' or as 'valuable building add.'

"(7) That the description contained in the aforesaid assessment against said J. B. Meyers, and in the aforesaid deed from the treasurer of Santa Fe county to J. W. Norment, and in the aforementioned deed from J. W. Norment to the Security Investment & Development Company, plaintiff herein, was so inaccurate and incomplete that it did not in fact describe the property involved in this cause, and was so inaccurate and incomplete as not to identify the property attempted to be described. That said descriptions were insufficient to apprise the owner or owners of any of the property involved in this cause or the defendant herein of the fact that the property owned by the defendant as hereinbefore described had been assessed for purposes of taxation, or that there were delinquent taxes thereon, or that a tax sale certificate had been issued thereon, or that a tax deed had been issued therefor. That it is impossible to determine from said descriptions whether or

not the taxing officials intended thereby to describe the property involved in this action.

"(8) That the tract of land known as 'valuable building lots adjoining the railroad depot, Santa Fe, N. M.,' was not at any time an addition to the city of Santa Fe, and that J. B. Meyers did not at any time own lots 83 and 84 therein.

"(9) That no evidence had been introduced showing to the satisfaction of this Court that the property described in said tax deed to said Norment was the same property as that involved in this cause, and the Court therefore finds that it was not the same property as that involved herein.

"(10) That the pretended assessment for the year 1904 against J. B. Meyers as hereinbefore set out was an attempted blanket assessment of lots numbered from 66 to 200, inclusive, and therefore was not a valid assessment."

Based upon these and other findings, the court made conclusions of law, and decreed that the complaint of plaintiff be dismissed, and that the defendant was entitled to the possession of the premises described in the findings of fact, and was the owner in fee thereof. Plaintiff requested certain findings and conclusions which were refused by the court.

Appellant presents many assignments of error, many of which we think it unnecessary to consider in view of the decision we reach.

The case is ruled by the doctrine announced in Manby v. Voorhees, 27 N. M. 524, 203 P. 543; and King v. Doherty, 32 N. M. 431, 258 P. 569. The attempted assessment was in 1904, and is under chapter 22 of the Laws of 1899, which is different from our present statute with respect to the matters involved herein.

In each of these cases it was held that an assessment of real property under the Laws of 1899, c. 22, required a description sufficient in itself to identify the land. In each of those cases the trial court sustained the assessment because it was possible to show that the taxpayer owned the particular land involved and none other. In King v. Doherty, the land was assessed thus: "Martinez, Epifanio J., real estate section 15, township 28, range 29, number of acres 160." We there said:

"In holding the description sufficient, we think there was error. The attempted assessment was in 1910. In a recent decision, we considered that in an assessment like this, under chapter 22 of the Laws of 1899, 'the description appearing upon the tax roll must, in itself, be sufficient to identify the property.' State v. Board of Trustees of Town of Las Vegas, 32 N. M. 182, 253 P. 22. We there held that such is not the rule under the present statute. In so construing the 1899 provision, we had before us and in mind Manby v. Voorhees, 27 N. M. 511, 202 P. 543, upon which appellant here places reliance. He also cites Shackelford v. McGlashan, 27 N. M. 454, 202 P. 690, 23 A. L. R. 75, where it was remarked that a description which omitted the section number 'would not have supported the tax sale based upon it.'

"Appellee attempts to distinguish the case at bar from Manby v. Voorhees. The distinction is one of degree only. There the acreage mentioned was to be identified by a search of the whole county. Here it is to be found within the limits of one section. It is plain, however, that neither description serves, unaided, to identify the property. The lower court sustained the assessment because it was possible to show that the taxpayer owned a particular 160 acres of land, and none other, within the section. But it is as possible, though more difficult, to show the same things as to a county. Indeed, it appears from the finding that such showing was made in this case. Having held in the former case that extrinsic evidence may not be resorted to to identify the land within the county, if we should hold here that such evidence might be adduced to identify it within the section, the greatest confusion would result. The courts would not know where to draw the line and might even be called upon some time to decide whether the same rule should apply in a small county as in a large one."

■ ■■ Having held in the former cases that extrinsic evidence may not be resorted to to identify the land within the county or within a section in the county, we think the same rule applies here, where the land is situated in a subdivision known as a precinct embracing a portion or all of the city of Santa Fe. The fact that plaintiff was under the necessity of introducing evidence in an attempt to demonstrate to the court that the description of the property in the assessment, certificate of sale, and tax deed, relied upon by it as thus aided, was sufficient to identify the land intended to be described therein, shows that the description was not sufficient in itself to identify the land, and it seems unnecessary, therefore, for us to consider whether the extrinsic evidence introduced to supplement the description in the assessment is sufficient to support the findings. The parties and the court having regarded the description in the assessment unaided as insufficient to identify the property, and it seeming so to us, our conclusion is that, upon the authority of the cases

cited, the judgment of the district court should be affirmed, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.