[No. 3626.   Nov. 17, 1931.]

EAVES v. LOWE et al.

[5 P. (2d) 525.]

T. A. Whelan, of Lovington, for appellant.

Tom W. Neal, of Lovington, for appellee.

OPINION OF THE COURT

WATSON, J.

This suit involves the validity of a tax sale and certificate.   The plaintiff, appellee here, by her amended com-

plaint, alleged that she was the owner in fee simple of "Lot 21, Block 6, of the original townsite of Lovington, New Mexico"; that defendant Lowe had purchased from defendant the county treasurer, a tax certificate "purporting to be a tax sale certificate for said lot above described for the taxes for the year 1923," and had thereupon served notice upon plaintiff of intention to apply for a tax deed "to said land based on said certificate," whereupon plaintiff had offered to pay to defendant county treasurer the taxes due "on said lot" and had offered "to redeem said lot"; that defendant the county treasurer had refused to accept the tender and had advised plaintiff of his intention to make a deed to defendant Lowe "for the said lot"; that such tax deed will constitute a cloud on the title "in and to said lands" and would serve to defeat plaintiff's "right of redemption in and to said lot"; that the said tax certificate is wholly void (for numerous reasons specifically set forth); that "said lands above described being taxable, as provided by law, this plaintiff was, and is, due the state of New Mexico the said taxes therefor for the year 1923"; and that plaintiff had the right, within thirty days after service of said notice, to redeem "said lands" and had made valid tender of redemption.

The prayer was that defendant the county treasurer be required to accept plaintiff's tender, that plaintiff's title be quieted as against the claims of defendant Lowe, and that defendant the county treasurer be enjoined from issuing tax deed. Copies of the tax sale certificate issued to Lea county, of the assignment to plaintiff Lowe, of the judgment in the general tax suit for 1923, and of the court's order of sale, were attached to the complaint.

Defendant answered the amended complaint denying the facts upon which were based the claim of invalidity of his tax sale certificate, and setting up that the defects relied upon were such as might have been raised in the general tax suit and were not there raised, nor raised within ninety days after rendition of judgment therein. By cross-complaint he alleged that he was the owner of the land in question in fee simple, and that defendant the

county treasurer had refused to issue the tax deed to which he was entitled. He prayed that his title be quieted as against the claims of the plaintiff, and that defendant the county treasurer be required to execute and deliver a tax deed.

At the trial, when plaintiff sought to prove the defective proceedings, defendant objected that, under Laws 1921, c. 133, § 435, the validity of the tax sale could be attacked on no other ground than that "the taxes * * * had been paid before the sale, or that the property was not subject to taxation." Thereupon plaintiff took the position that these curative provisions of the act are applicable only in case the "property is described in the original roll and delinquent tax roll for any year by such description as will serve to identify the same"; and, being met with the contention that the amended complaint did not warrant any attack upon the description, obtained leave of court to amend her complaint and inserted this paragraph:

"That said certificate of sale is void for the reason that there is no sufficient description of land therein to identify the lands purported to be sold."

The trial court found that neither the assessment roll, the delinquent tax roll, the judgment in the tax suit, the report of sale, nor the tax certificate contained such description of the land described in the amended complaint as would serve in a deed to identify it so that title thereto would pass; that no sale of the property was ever had or held; that the plaintiff had made her tender more than three years after the date and record of the certificate, but within thirty days after the notice was served. He concluded as matter of law that the tax sale certificate was void, that it should be set aside, and that plaintiff was entitled to the further relief prayed for.

The decree quiets plaintiff's title, cancels the tax sale certificate, and enjoins the execution of tax deed. Defendant Lowe appeals.

The certificate in question was issued to the county December 9, 1924, for taxes delinquent for 1923. It was recorded the same date and recited a sale made November

10, 1924. It was assigned to appellant August 7, 1929, and the assignment recorded the next day.

██ ██ The tender came too late. The period of redemption ended with "the expiration of three years from" November 10, 1924. Williams v. Van Pelt, 35 N. M. 286, 295 P. 418; Knollenberg v. Mitchell, 35 N. M. 345, 297 P. 145.

██ Appellee contends here, apparently for the first time, that the certificate is invalid because it follows the form outlined in Code 1915, § 5502, rather than the form suggested in Laws 1921, c. 133, § 441. The point is without merit. Baker v. Johnson, 35 N. M. 293, 295 P. 421.

██ This leaves only the question of the description. On the particular line of the assessment roll it appears thus: "Lot 21, B. 6, Orig." This is in a column headed "Fractions or other Subdivisions." The page is headed "School District No. 1, City, Name of Postoffice serving Lovington, Assessment Roll for 1923, State of New Mexico, 1923."

A sufficient description of the property to be assessed has been held to be an essential of taxation. Manby v. Voorhees, 27 N. M. 511, 203 P. 543.

Laws 1921, c. 133, § 435, recognizes this principle and does not attempt to cure proceedings defective in the matter of description. It seems to contemplate "such description as will serve to identify" the property. It is claimed that this description does not so "serve."

But section 203 of the same act must also be considered. It prescribes "a description of all real estate, such as would be sufficient in a deed to identify it so that title thereto would pass."

Thus we have present in the same act two statutory expressions as to sufficiency of description to which this court has attributed somewhat different meanings. The first mentioned was contained in Laws 1899, c. 22, § 25, disappeared in 1913 when chapter 84 was adopted, and reappeared in Laws 1921, c. 133, § 435. It has been the

view of this court that under that provision the description must be sufficient in itself to identify the property. King v. Doherty, 32 N. M. 431, 258 P. 569; Security Investment & Development Co. v. Gross, Kelly & Co., 33 N. M. 535, 271 P. 95. Under the provision last mentioned we have held that if the description contains the means of identification, extrinsic evidence may be resorted to for the identification itself. State v. Board of Trustees of Las Vegas, 32 N. M. 182, 253 P. 22.

So appellee relies upon Laws 1921, c. 133, § 435, and upon King v. Doherty and Security Investment & Development Co. v. Gross, Kelley & Co., supra, as authority that the description is fatally defective; while appellant relies on section 203 of the same act and upon State v. Board of Trustees of Las Vegas, supra, in urging that the description affords the means of identification and may be aided by extrinsic evidence.

Appellee contends that a defective description presents a fundamentally different question when it appears in a deed than when it is found in a tax assessment. In the one case parties have made a contract. The object is to ascertain their intention. In the other case the description is the foundation of a proceeding in invitum. The principle of notice and of due process may be involved. It will not do to permit the assessor, by testifying an intent, to effect an assessment of which the tax roll does not give notice.

Appellee contends also that there is no real difference between "such description as will serve to identify" and such description "as would be sufficient in a deed to identify it so that title thereto would pass." In either case he says it is the "description" which must "serve" or "be sufficient" to identify the property.

Whether we may have been too strict in our holdings that, under Laws 1899, c. 22, § 25, and Comp. Laws 1897, § 4032, the description appearing on the assessment rolls may not be aided by extrinsic evidence, is not the question here. We have distinguished the two provisions and have held that Code 1915, § 5437 (Laws 1913, c. 84, § 2), being

the same provision found in Laws 1921, c. 133, § 203, permits extrinsic evidence in aid of identification.

It is hardly to be supposed that the Legislature intended to introduce into a single tax act two different statutory measures of the sufficiency of the description; the one to guide the property owner in making his return; the other to guide the courts in deciding whether the owner had forfeited his property. Such description as will satisfy the requirement of section 203 (as to .returns) must, we think, be held sufficient under section 435.

So we conclude that the sufficiency of this description is not to be tested by the decisions interpreting Comp. Laws 1897, § 4032, and Laws 1899, c. 22, § 25. The description, though on its face uncertain, may be aided by extrinsic evidence, which, by means of data furnished by the description itself, will resolve the uncertainty.

It remains to apply the rule to this case. We think it would have been competent to prove that, as used in this roll, the abbreviation "B" means "Block," and the abbreviation "Orig." means "Original Townsite." We cannot doubt also that it would be competent to prove that the "city" located in school district No. 1 of Lea county and within the service of the Lovington postoffice, is Lovington. It cannot be doubted that if appellee had desired to pay her taxes, she could easily have identified her property upon this tax roll.

The only extrinsic evidence which was actually tendered was that Lovington was located in school district No. 1 of Lea county. Appellee contends that even if extrinsic evidence had been admissible, this was not sufficient. That, however, is not the point. Under the pleadings and procedure recited, the judgment is made to rest upon the erroneous proposition that the description is intrinsically fatally defective; not that appellant, carrying the burden of proof, failed to identify the property described in his tax sale certificate as the same property described in the complaint. Appellee did not see fit to stand upon her own title, leaving appellant to assert and prove his. She set up appellant's claim of title and assumed to show that

it was void because of a fatal and inherent defect in the description.

We are not disposed, however, upon the evidence before us, to approve the identification as complete so as to put the trial court in error for having refused relief under the cross complaint. We can scarcely doubt that the only original townsite which could be described as a city located within school district No. 1 of Lea county, and within the service of the Lovington postoffice, is the townsite of Lovington. We conclude, however, that it is proper to leave that question of fact to the decision of the trial court.

The judgment will be reversed, and the cause remanded with a direction to grant a new trial. It is so ordered.

BICKLEY, C. J., and HUDSPETH, J., concur.

PARKER and SADLER, JJ., did not participate.