88 P.2d 281

### DE GUTIERREZ v. BRADY.
### No. 4401.

Supreme Court of New Mexico.

Feb. 27, 1939.

Rehearing Denied March 22, 1939.

H. B. Hamilton, of Santa Rosa, for appellant.

J. C. Gilbert, of Hot Springs, and James E. Woolsey, of Santa Fe, for appellee.

SADLER, Justice.

This suit to quiet title results from defendant's acquisition of a tax title on certain real estate of which plaintiff was the record owner located in Lincoln County, New Mexico. Plaintiff's complaint was met by defendant's cross-bill praying for a like decree quieting title in him. The defendant prevailed and this appeal followed.

The property was sold for delinquency in the payment of taxes for the last half of the year 1931 and for all of the year 1932. Sale occurred on June 16, 1933. Both delinquencies were included in the one sale and the property was struck off to the county for $135.48 and a tax sale certificate issued thereon. On Dec. 4, 1936, this certificate was assigned to defendant for the sum of $192.38 and on Dec. 11th following, no redemption having occurred, the County Treasurer of Lincoln County issued and delivered to defendant a tax deed conveying to him the real estate described in the certificate of sale.

The land actually owned by the plaintiff is the west 3/4ths of Lots 3 and 4 in Section 31, Township 10 South, Range 17 East, N. M. P. M., containing 60 acres. But for the year 1931 she was assessed as owning 89 acres of land under the description: A fraction of lots 2, 3 and 4, Township 10 South, Range 17 East, N. M. P. M., and a fraction of the S. E. ¼ of the N. E. ¼ and the N. E. ¼ of the S. E. ¼, Section 36, Township 10 South, Range 16 East, Lincoln County, New Mexico. For said year 25 acres of said land were classified as irrigated land with a valuation of $75 per acre and 64 acres as grazing land at $1.50 per acre. The plaintiff owned 25 acres of irrigated land within her total of 60 acres and the remaining 35 acres were grazing land. She owned no part of Lot 2 nor any of school section 36 included in her 1931 assessment.

The assessment for the year 1932 appeared on the tax rolls under the following

description: Part N. E. ¼ S. W. ¼ Lots 3, 4, Blk. 31, Twp. 10, Rge. 17. The land was classified as irrigated, 30 acres at $75 per acre—$2250; and 30 acres as grazing at $1.50 per acre—$45.

The land is described in the tax deed as follows: "Fraction Lots 2, 3, 4, Section 31, Township 10 South, Range 17 East, N.M. P.M. Fraction SE¼NE¼, NE¼SE¼ Section 36, Township 10 South, Range 16 East, N.M.P.M." In this description the deed follows the description contained in the tax sale certificate except that there is less abbreviation in the deed.

The decree quiets title in defendant to land in Lincoln County, New Mexico, actually owned by plaintiff at the time of the assessments for the years 1931 and 1932 as follows: "The west three fourths (W 3/4) of Lots Three (3) and four (4), of Section Thirty-one (31), Township Ten South (10S), Range Seventeen East (17E), N. M. P. M., containing sixty (60) acres, more or less."

The trial court adopted certain findings of fact requested by the plaintiff, embracing the facts recited above as to the inclusion in her assessment for the years 1931 and 1932 of certain lands not owned by her. It also adopted one of her requested conclusions of law, refusing others. All claims of error presented in support of her right to judgment readily relate themselves to her requested conclusions of law Nos. 6, 7 and 8, the first of which was adopted and the others refused. They are as follows:

"(6) That the tax assessment in the name of the plaintiff for the year 1931, upon which tax sale certificate number 420 is based, in part, is an illegal and void assessment.

"(7) That the tax assessment in the name of the plaintiff for the year 1932, upon which tax sale certificate number 420 is based, in part, is an illegal and void assessment.

"(8) That the combining of the illegal assessment for the year 1931 with the assessment for the year 1932 in one sale culminating in the issuance of tax sale certificate number 420 rendered the entire proceeding invalid and the defendant's tax deed based thereon should be set aside and cancelled."

The court, of its own motion, adopted the following conclusion of law: "The Court: That at this time the Court makes the following as its own conclusion of Law, to-wit: That the 1932 Assessment of the real estate in controversy was in all material respects legal and valid, and that the 1932 taxes on said real estate were allowed to become delinquent, and were never paid by the plaintiff, and that the tax sale mentioned in the evidence as far as it is concerned regarding the 1932 delinquent taxes on said real estate was in all material respects legal and valid, and the sale thereof passed title, and that any illegality in the 1931 assessment of said lands and the sale thereof for said year is immaterial, and in no way affects the title of the defendant."

The plaintiff really rests her claim to relief on the contention that the inclusion in her assessment of lands not owned by her and a sale for delinquency in payment of the total tax levied renders the whole proceeding void. The defendant counters with the argument that where exempt property or property not owned by the taxpayer is included in one assessment against him, such assessment is not bad if the valid portion of the tax can be separated from the invalid portion thereof. He cites upon the question of the separability of the tax the cases of United States Trust Company v. Territory, 10 N.M. 416, 62 P. 987, and Albuquerque National Bank v. Perea, 147 U.S. 87, 89, 13 S.Ct. 194, 37 L.Ed. 91 (Id., 5 N.M. 664, 25 P. 776), and points out that under the facts found as to acreage, valuation and classification there would have been no difficulty in segregating the tax for purposes of payment if plaintiff had desired to pay the taxes for the years found delinquent. This argument is persuasive but we need not give an answer.

The sale is governed by Laws 1933, c. 171, then in force. Section 23 thereof among other things provides: "In all controversies and suits involving title to real property, claimed and held under and by virtue of a tax deed executed substantially as aforesaid by the Treasurer, the party claiming adverse title to that conveyed by such deed shall be required to prove, in order to defeat the said title, either that the said real property was not subject to taxation for the year or years named in the deed, or that the taxes had been paid before sale, or that the property had been redeemed from the sale according to the provisions of this Act, and that such redemption was made or had for the use and benefit of the persons having the right of redemption, under the laws of this State; or that there had been an entire omission to list or assess the property, or to levy taxes, or give notice of sale, or sell the property. * * *"

We agree with the trial judge that if the land was lawfully sold for the 1932 taxes any defects as to the 1931 taxes would be unavailing even though both delinquencies are covered in a single sale. But granting existence of the defects claimed, they do not penetrate the protective shield afforded tax titles by the curative provisions quoted above. The plaintiff makes no claim that the property was not subject to taxation. The trial court found the taxes were unpaid and became delinquent and that there was no redemption. Neither is it asserted that there was an entire omission to list or assess the property, the claim merely being that by including other property along with the plaintiff's, the assessment is invalid. Under a long course of decision in this state such attacks cannot prevail against the curative effect of this and earlier statutes of like tenor. Many of the decisions are listed in the recent case of N. H. Ranch Co. v. Gann, 42 N.M. 530, 82 P.2d 632. See, also, Hood v. Bond, 42 N.M. 295, 77 P.2d 180, Kyle v. Chaves, 42 N.M. 21, 74 P.2d 1030, and Bull v. Martinez, 43 N.M. 113, 86 P.2d 599.

In thus deciding we express no opinion as to sufficiency of the description of plaintiff's land *as assessed*. Title thereto is quieted in defendant under the following description: "The West three-fourths (W 3/4) of Lots Three (3) and four (4), of Section Thirty-one (31), Township Ten South (10S), Range Seventeen East (17E), N.M.P.M., containing sixty (60) acres, more or less." Ignoring the inclusion of other lands not owned by plaintiff, it is assessed and described in the tax sale certificate and in the deed as a fractional part of lots 3 and 4, Section 31, Township 10 South, Range 16 East, N.M.P.M. That this would be a void assessment, under the then controlling statute construed in Manby v. Voorhees, 27 N.M. 511, 203 P. 543, and King v. Doherty, 32 N.M. 431, 258 P. 569, may be conceded. But as pointed out in the cases of State v. Board of Trustees of Town of Las Vegas, 32 N.M. 182, 253 P. 22, and Eaves v. Lowe, 35 N.M. 610, 5 P.2d 525, 526, a more liberal attitude toward imperfect description of real property in assessments was reflected by the statute calling for its listing under a description "such as would be sufficient in a deed to identify it so that title thereto would pass." 1938 N.M. Supplement, § 141-253 (Laws 1933, c. 107, § 4). Referring to this statute in Eaves v. Lowe, supra, we said: "Under the provision last mentioned we have held that if the description contains the means of identification, extrinsic evidence may be resorted to for the identification itself. State v. Board of Trustees of Las Vegas, 32 N.M. 182, 253 P. 22." In both the Eaves case and in State v. Board of Trustees of Las Vegas we held that the descriptions found in the assessments before us were such as "would be sufficient in a deed to identify it [the land] so that title thereto would pass." The opinion in Lawson v. Hedges, 37 N.M. 499, 24 P.2d 742, announced a contrary conclusion as to the description there involved.

It is here unimportant to determine whether extrinsic evidence was properly admitted to identify the particular "fractional part" of said lots 3 and 4 intended to be assessed against the plaintiff. In failing to object on this ground to sufficiency of the description in the assessment, the plaintiff acquiesced in the view that the assessment met the requirements of the statute. Nor do we affirm that it does not. We simply do not wish to be understood as holding that it does.

Finding no error, the judgment of the district court will be affirmed and

It is so ordered.

BICKLEY, C. J., and ZINN, J., concur.

BRICE and MABRY, JJ., did not participate.