100 P.2d 904

**DICKERSON et al. v. MONTOYA et al.**

**No. 4487.**

Supreme Court of New Mexico.

March 20, 1940.

R. R. Posey, of Las Cruces, for appellants.

W. C. Whatley, of Las Cruces, for appellees.

BRICE, Justice.

This action was brought to quiet title to certain real estate situated in the City of Las Cruces, New Mexico. At the close of plaintiffs' (appellants') testimony the court sustained defendants' (appellees') motion for judgment upon the ground that there was not substantial evidence introduced to sustain their case, and judgment of dismissal was entered, from which this appeal is prosecuted.

To establish plaintiffs' title they introduced a tax deed in which the description of the property conveyed was as follows:

"* * * situated in School District No. 2 in the County of Dona Ana, State of New Mexico, to-wit:

"1 Lot on Las Cruces Avenue Blk 52 O. T. S.
"N: Williams
"W: Gutierrez
"S: Guerra
"E: Robinson."

It is stated in the tax deed that the property had been assessed as that of the Estate of Josefina M. Montoya.

It may be assumed that the letters N, W, S, and E in this description indicate north, west, south and east, and that the names of the persons indicate the owners of property bounding the lot conveyed by the tax deed. The question is whether there is substantial evidence in the record to identify the property conveyed by the tax deed as being that described in the complaint, and in determining this we must accept as true all portions of the testimony and all reasonable inferences flowing therefrom which tended to prove plaintiffs' case, and disregard all conflicts and all evidence

which tended to weaken or disprove it. This is the rule in disposing of a motion for judgment at the conclusion of plaintiffs' testimony. Sandoval County Board of Education v. Young, 43 N.M. 397, 94 P.2d 508.

Plaintiffs established, by substantial evidence, that the lot described in the complaint was the identical property described in a deed to Josefina M. Montoya, which the defendants claimed to own, as follows:

"House and lot within precinct No. 20, Town of Las Cruces, Dona Ana County, New Mexico, and about 250 yards Easterly from the Catholic Church, in said precinct, town and county and with the following measurements, to-wit:

"Commencing at the NW corner of this lot and thence Easterly, on the North seventy-four (74) feet, bounded by street which runs East and West, North of the Catholic Church; thence South, on the East, one hundred and eight (108) feet, bounded by Patricio Vallejos the grantor herein; thence west, on the south seventy-five (75) feet, bounded by estate of Manuel Lucero; thence North, on the west one hundred and six feet (106) bounded by Francisca Quintana, to the place of beginning."

The plaintiffs introduced a plat from an abstract of block 52 of the Old Town Site of Las Cruces, on which the name of Josefina M. Montoya appears, apparently as the owner of a lot which faces a street on the north and otherwise is bounded as appears from the deed to Josefina M. Montoya mentioned in this opinion. The compiler of that abstract testified that his records did not show that Josefina M. Montoya or her estate owned any land in the City of Las Cruces, or Dona Ana County, except the tract described as in the City of Las Cruces. It was not shown that his records were correct or complete, either as to the City of Las Cruces or Dona Ana County, nor even of what such records consisted.

It thus appears that the tax deed conveys a lot assessed in the name of Josefina M. Montoya in Block 52 of an unnamed town in School District No. 2 of Dona Ana County, bounded by property of named owners; and the complaint describes a lot in Block 52 of the City of Las Cruces, bounded by property of entirely different owners.

We held in Eaves v. Lowe et al., 35 N.M. 610, 5 P.2d 525, 527, in construing a description in a tax deed, that "The description, though on its face uncertain, may be aided by extrinsic evidence, which, by means of data furnished by the description itself, will resolve the uncertainty." In that case the description was as follows: "Lot 21, B. 6, Orig." under the column heading "fractions or other subdivisions," and page heading "School District No. 1, City, Name of Post Office Serving, Lovington." We stated: "It remains to apply the rule to this case. We think it would have been competent to prove that, as used in this roll, the abbreviation 'B' means 'Block,' and the abbreviation 'Orig.' means 'Original Townsite.' We cannot doubt also

that it would be competent to prove that the 'city' located in school district No. 1 of Lea county and within the service of the Lovington postoffice, is Lovington. It cannot be doubted that if appellee had desired to pay her taxes, she could easily have identified her property upon this tax roll."

If in aid of the description in the tax deed, plaintiffs had shown by extrinsic evidence that the City of Las Cruces is situated in School District No. 2 in the county of Dona Ana, and that there was no other city, town or village in said school district containing a block 52, or that "O.T.S." meant Old Town Site of Las Cruces, and that Josefina M. Montoya in 1934 (the year for which this property was sold for taxes, as shown by the tax deed in question) owned but one lot in said block, then the deed would seem to have furnished enough data from which to locate the property, and the description would have been sufficient, unless the fact that the bounds given in the deed would preclude such conclusion. But there is no such evidence. It does not appear whether Williams, Gutierrez, Guerra or Robinson ever owned any property in Block 52 of the Old Town Site of Las Cruces. If this part of the description had been proven incorrect by such extrinsic evidence as we have mentioned, it might have been ignored as erroneous (Federal Land Bank v. McColgan et al., 332 Mo. 860, 59 S.W.2d 1052; 16 A. J. "Deeds" Sec. 287; 18 C.J. "Deeds" Sec. 169; 4 Tiffany on Real Property (3d Ed.) Sec. 997) if the extrinsic evidence was sufficient to connect the property described in the tax deed with that described in the complaint; but such was not the case.

The judgment of the district court is affirmed.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.