24 P.(2d) 742

## LAWSON v. HEDGES et al. (ROLLAND et al., Interveners).

No. 3730.

Supreme Court of New Mexico.

Aug. 28, 1933.

Holt & Holt, of Las Cruces, for appellants.

J. L. Lawson, of Alamogordo, for appellee Lawson.

Edward C. Wade, Jr., of El Paso, Tex., for appellees George and Ellie Hedges.

WATSON, Chief Justice.

This is a suit for partition of lands described in the complaint as situate in the county of Otero and being "small holding claim No. 486 in Section 19, Township 13, South of Range 12 East, containing 129.02 acres."

Appellants were not original parties, but filed a petition in intervention, seeking to establish title in themselves. After trial of the issues the intervention was dismissed and partition adjudged.

Appellants' claim of title rests upon two tax deeds; the one reciting judgment rendered March 9, 1921, for 1919 taxes, a sale April 5, 1921, a tax certificate of the same date, and describing "claim No. 483 in Sec. 19, T. 13, S. R. 12 E.—128 acres, assessed against Ella B. Hedges," situate in Otero county; the other reciting judgment rendered September 28, 1922, for 1920 taxes, a sale February 1, 1923, a tax sale certificate of the same date, and de-

scribing "the * · * * parcel * * * of real estate * * * assessed against Ella Blazer Hedges, situate * * * in Precinct No. ———, and school district No. 7 in said County of Otero, to-wit:—Claim 483, Section 19, Township 13, Range 12."

■ Both sales having been made after March 12, 1921, the effective date of chapter 133 of the laws of that year, its section 455 is applicable. The deeds constituted prima facie evidence of title to the lands therein described. Kreigh v. Alamogordo State Bank, 37 N. M. 360, 23 P.(2d) 1085; Duran v. Springer, 37 N. M. 357, 23 P.(2d) 1083.

But asserting title to claim No. 486, deeds evidencing title to claim No. 483 were not, on their face, material to the issues. Appellants could not introduce their deeds or win their case without extrinsic evidence to identify the lands described in their deeds as the lands described in the complaint in partition. Evidence for this purpose was offered; some of it seems to have been excluded and the remainder deemed insufficient. Unless the tendered evidence was sufficient for the purpose, there can have been no prejudicial error in the exclusion of the evidence, the exclusion of the deeds, or in dismissing the intervention.

The problem being one of identification, the theory of appellants was, not that these varying descriptions correctly and sufficiently designated the same land, not that there was any defect in the description in the complaint, but that their deeds, though erroneously describing the land, still gave them title. By their evidence they showed that the descriptions of

their deeds are substantially those of the tax rolls. So the real question is whether the assessments may be so varied by parol as to constitute assessments of the lands in suit.

Appellants put reliance on the provision of Laws 1917, c. 80, § 5, that "no assessment * * * shall be construed to be illegal on account of * * * any error or informality as to description." We do not find it helpful. This section deals with the general tax suit and directs the court what to do in cases of erroneous description. He is not to declare the assessment illegal on such account. He may, in his discretion, correct defective descriptions. But, if the "defect or error in the description be such that a proper judgment cannot be entered," he is to refer the same to the assessor for a reassessment.

The errors in question were neither corrected nor referred for reassessment. The section contemplates an error such as would require a reassessment. It does not define such error otherwise than as one which would render it improper to enter judgment. The section as a whole does not seem to modify the then statutory criterion of a description "such as would be sufficient in a deed to identify it [the land] so that title thereto would pass." Code 1915, § 5437.

Appellants also rely on the curative provisions of Laws 1917, c. 80, in effect when the assessments were made, and of Laws 1921, c. 133, in effect when the sales took place. The former, by section 10, makes the judgment conclusive evidence of its regularity and validity as against all objections that might

have been raised in the general tax suit, except two. That, of course, does not mean that a judgment against one tract is to be taken as evidence of an assessment on another. The latter (Laws 1921, c. 133, § 435), in so far as it adds to the former, is conditioned that the property shall have been sufficiently described on the rolls.

There has been discussion as to the employment of extrinsic evidence in aid of tax roll descriptions. We have recently held that, even under chapter 133 of the Laws of 1921, and despite section 435, contemplating "such description as will serve to identify" the land, section 203 of that chapter is controlling; it requiring a description "such as would be sufficient in a deed to identify it [the land] so that title thereto would pass." That being the statutory criterion of sufficiency, we held that "the description, though on its face uncertain, may be aided by extrinsic evidence, which, by means of data furnished by the description itself, will resolve the uncertainty." Eaves v. Lowe, 35 N. M. 610, 5 P.(2d) 525, 527.

The evidence in this case shows that assessments and sales had been had under substantially the descriptions appearing in the deeds, and that these were pursuant to tax returns purporting to have been made for Ella Blazer Hedges; in the first instance, by one A. N. Blazer, and, in the second instance, by one Paul A. Blazer. There was no evidence as to the authority of the former, and the latter testified, but showed no specific or definite authority. In fact, Ella Blazer Hedges had died in 1899, and had never had legal title to the land. It had been patented by the United States, in 1910, to "the Heirs of Ella Blazer Hedges," under the description appearing in the complaint. It was further shown that there was no "Claim No. 483" or "small holding claim No. 483" in the designated section; that Ella Blazer Hedges owned no other property in the section, and that the claim so patented to her heirs was commonly known as the "Hedges Place."

Under this evidence it is the contention of the appellants that the numerals 483 should be rejected as error, and that there remains sufficient data in the description to permit ready identification of the land. Appellee contends that, even if this were a deed between private parties, the error would render it ineffective to pass title, and that reformation would be necessary before it would support ejectment. This difference we do not resolve, not having satisfied ourselves of the correctness of appellees' contention.

But is a deed inter partes the correct criterion? As noted in Eaves v. Lowe, supra, there is a fundamental difference between the contract known as a deed, and a tax assessment. In sustaining an imperfect description in a contract, the result is but to carry out the proven intention of the parties. The intention of the tax assessor is of little, if any, importance. The question is one of notice to the owner.

It is not necessarily to be drawn from the statute that a description sufficient in any deed, and in any kind of controversy, will be

sufficient in an assessment. It is more readily to be inferred that the deed referred to in the statute is a tax or other conveyance in invitum. The former statutory requirement, as interpreted in Manby v. Voorhees, 27 N. M. 526, 203 P. 543, and the line of cases following that decision, was much more strict than the generally prevailing rule. We think the intention, in discarding the strict rule, was rather to conform to the general rule, based on principle, than to pass arbitrarily to the other extreme.

Judge Cooley says that generally a description will be sufficient, if the same description would suffice in a "conveyance between individuals." But he goes on: "It is, nevertheless, possible for cases to arise in which such a criterion would be an unsafe one to apply. In a deed which one executes for the purpose of conveying a particular description of land, if errors of description occur, they may well be rejected and the deed sustained, if, after rejecting them, a sufficient description remains to identify the land intended; because the erroneous circumstances which were added could not have misled the party conveying, who, all the time, had in mind a particular parcel which the erroneous particulars did not fit. But the same errors in a description prepared by another might very likely mislead the owner, who would be informed of no error, and who must, from the description alone, discover what land was intended. The same may be said of any imperfection in the description; the owner, if it has been prepared by himself, will read it in connection with his own knowledge of those surrounding circumstances, in the light of which he has framed it; but an equally imperfect description, prepared by another and accompanied by any such circumstances, would fail to convey to his mind any idea that his own land was intended. It certainly would be much less likely to do so than where he himself had formulated it. The purposes in describing the land are: First, that the owner may have information of the claim made upon him or his property; second, that the public, in case the tax is not paid, may be notified what land is to be offered for sale for the non-payment; and, third, that the purchaser may be enabled to obtain a sufficient conveyance. If the description is sufficient for the first purpose, it will ordinarily be sufficient for the others also." Cooley on Taxation, 4th Ed. § 1175.

In Eaves v. Lowe, supra, there was no misdescription. Identifying the land was merely a matter of intelligently following up the data furnished by the description. We do not doubt the correctness of that decision. The question being one of notice, it is obvious that the insertion of a wrong element of description is more likely to do harm than the mere omission of an element or ambiguous statement of it.

We are not here required to hold that sufficient proof would not have warranted disregarding the error in designating the claim "483." Appellants proved that there was no claim 483 in the designated section. That

does not prove, however, that there is no claim 483 in some other section of the county. It is not impossible that the error lies in designating the section instead of in designating the claim.

 Moreover, if we should accept appellants' contention, reject the claim number as error, and look to the remainder of the description, we find insufficient "data" to identify the land. The difference between 128 acres and 129.02 is small. Still, it is an inaccuracy, and on its face points to different land than that described in the complaint. Great reliance is placed by appellants upon the fact that the lands described in the complaint were commonly and generally known as the "Hedges Place." But, notice being the purpose of the description, how can identification be aided by the fact that the property was assessed in the name of a person long deceased, and who had never had the legal title? In short, comparing the description in appellants' deeds with the description in the complaint, there is no identity except the section, township, and range. Whether a deed inter partes could survive all these objections, we need not say. We consider them fatal to a tax assessment and deed.

Other points relied on for reversal need no consideration in view of the conclusion reached.

The judgment should be affirmed, and the cause remanded. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.