107 P.2d 321

## FOSTER v. BENNETT et al.

### No. 4560.

Supreme Court of New Mexico.

Nov. 14, 1940.

F. T. Cheetham, of Taos, for appellants.

Floyd W. Beutler and R. Howard Brandenburg, both of Taos, for appellee.

BICKLEY, Chief Justice.

Action by plaintiff—appellee—against numerous persons, including appellants, to quiet title to Lots Nos. 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, and 22, Block 31, of Red River City in Taos County, New Mexico, together with other lots not material to this review. The appellants, by separate answer, denied that plaintiff was the owner in fee simple of the lots above described and alleged ownership in themselves and prayed dismissal of the cause insofar as it involved them and said lands. The trial court found for the plaintiff and entered a decree quieting title in him, from which defendants, the Dunns, have appealed.

Plaintiff derives title from a tax deed. When this deed was offered in evidence, it was objected that the assessment upon which the tax sale certificate is based, which certificate, in turn, is the basis of the tax deed, was made in the name of unknown owners. Appellant points to Sec. 22 of Chapter 27, S.L.N.M.1934, Sp.Sess. which prohibits the use of the term "Unknown Owners" except in instances where no ownership is claimed or can be reason- ably ascertained. This is followed by the direction: "It shall be the duty of all assessing authorities to ascertain, from the record of the County Clerk, or from any other source available, the name of the owners of all real estate located within their respective counties and to place and carry all real estate in the name of the owner as ascertained."

However, said section continues: "When any property is placed on the assessment roll in the name of and as property of unknown owners the same proceedings shall be had as to such property as provided for in this Act against the property of known owners and the proceedings taken with respect to such property shall be of like effect as if the property were assessed to known owners. No sale of any real property, land or lot, or parts thereof, or any property for delinquent taxes shall be considered invalid on account of its having been charged on the tax rolls in any other name than that of its record owner; Provided, such land or lot or property be in other respects sufficiently described on the tax rolls, and the taxes for which same is sold be due and unpaid at the time of sale."

From this we conclude that the provision relied upon by appellant in resistance to the validity of the assessment is directory and that if, as appears in the case at bar, the taxpayer failed to make a return of his property as required by law, or timely object to the manner of its assessment, and his property is sufficiently

described in other respects on the tax rolls, and the taxes on said property remain due and unpaid at the time of the sale thereof, and the property has not been redeemed from the sale, the taxpayer may not, in a suit involving title to the property, successfully challenge the assessment solely on the ground that the property was assessed in the name of "Unknown Owners". In addition to the support given this view in the portion of Sec. 22 of the Act last heretofore quoted, we note that Sec. 24 of the same Act declares that: "In all controversies and suits involving title to property, claimed and held under and by virtue of a tax deed executed substantially as aforesaid by the treasurer, the party claiming adverse title to that conveyed by such deed shall be required to prove, in order to defeat the said title, either that the said property was not subject to taxation for the year or years named in the deed, or that the taxes had been paid before sale, or that the property had been redeemed from the sale according to the provisions of this Act, and that such redemption was made or had for the use and benefit of the persons having the right of redemption, under the laws of this state; but no person shall be permitted to question the title acquired by deed of the treasurer, without first showing that he, or the person under whom he claims title to the property, had title thereto at the time of sale, or that title was obtained from the United States or this state after the sale, and that all taxes due upon property have been paid by such person, or the person under whom he claims title as aforesaid; Provided, further, in all cases where the owner of land sold for taxes shall resist the validity of such tax title, such owner may prove fraud committed by the officer selling the said lands, or in the purchaser, to defeat the same, and, if fraud is established, such title shall be void."

In the case at bar, no attempt was made to prove that fraud was committed by the officer selling the property or by the assessing authorities, nor the existence of any of the other defenses enumerated in the portion of Sec. 24 heretofore quoted. So it appears that this objection to the tax deed did not overcome the prima facie evidence afforded by it that the property therein described had been assessed in the manner provided by law.

Appellant offered evidence to prove that the taxes on Lot 16 in Block 31 listed in the tax deed heretofore referred to had been paid. It also appearing that this numbered lot was not included in the assessment nor in the tax sale certificate upon which the tax deed is based, and it thus appearing that said Lot 16 was included in the tax deed through inadvertence, the court, with consent of counsel for plaintiff, dismissed the cause as to said Lot 16, whereupon the court denied further offer of proof concerning the payment of the taxes against said Lot 16.

 The appellant contends that this was error, contending that the inclusion in the tax deed of Lot 16, upon which the taxes had been paid, renders the deed void

in toto. There are several good answers to appellant's contention. The tax sale certificate in the instant case was not affected with the vice of inclusion of Lot 16. By the provisions of Sec. 9, Chap. 27, S.L. N.M.1934, said certificate vested in the purchaser, subject to the right of redemption, "the right to a complete title to the property described therein." In Hood v. Bond, 42 N.M. 295, 77 P.2d 180, we decided that: "The treasurer's power to execute a tax deed is not exhausted until tax deed is made in compliance with law, and hence holder of premature or void tax deed may subsequently demand a valid deed."

So, it would appear that even if the tax deed in question was void for the reason urged by appellants, it would not permanently profit them and the only result would be delay in order to permit the appellee to obtain a new deed with the same description of property, with the exception of Lot 16. Another answer is that the inclusion of Lot 16 would not render the tax deed void. In De Gutierrez v. Brady, 43 N.M. 197, 88 P.2d 281, we held:

"Any defect in assessment of land for taxes for preceding year would not affect validity of sale of land for taxes for subsequent year, even though both delinquencies were covered in single sale.

"Any irregularity in tax assessments, as result of fact that property other than taxpayer's property was included in the assessment of taxpayer's property, was cured by curative statute. Laws 1933, c. 171, § 23."

We would be loath to say that improper inclusions would render a tax deed void when similar faulty inclusions would not affect the validity of assessments and sales made for delinquent taxes thereunder.

■ Appellants finally assigned as error the court's ruling sustaining objection to plaintiff's offer of proof that tax sale certificate No. 252, being one of the certificates upon which the tax deed was based, was not in fact made out until November 30, 1938 (the property having been sold for taxes on the first day of December, 1936). Appellants invoke Sec. 1, Chap. 39, S.L.N.M.1935, which says that in cases where sales of property have been made for delinquent taxes and the tax sale certificates were not executed by the treasurer making the sale prior to the expiration of his term of office, it should be the duty of the successor in office to the treasurer making such sales to execute tax sale certificates in the manner and form provided by law, and the same shall have all the force and effect as if same had been made by the treasurer making such sale. The section further provides that such succeeding treasurers in office shall make and execute all tax sale certificates as thereinbefore provided within three months from and after such succeeding treasurer takes office.

Here again the appellants not proving or attempting to prove that they were the victims of any fraud practiced by the assessing or other taxing authorities, are confronted with Sec. 24, Chap. 27, S.L.

N.M.1934, and since the failure of the treasurer to observe the direction of the Legislature contained in Sec. 1, Chap. 39, Laws of 1935, is not named in the curative provisions heretofore cited as one of the defenses which may be made to asserted tax titles, it is unavailable to appellants at the late day they urged it.

Finding no error in the record, the judgment is affirmed, and it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.