117 P.2d 242

HERON v. RAMSEY (STATE TAX COMMISSION, Intervener).

No. 4637.

Supreme Court of New Mexico.

Sept. 17, 1941.

Kenneth A. Heron, of Chama, pro se.

R. P. Fullerton and John W. Chapman, both of Santa Fe, for appellee.

BRICE, Chief Justice.

Appellant sued appellee Ramsey to quiet title to 2,127.4 acres of land situated in Rio Arriba County, New Mexico, and the State Tax Commission of New Mexico intervened, claiming title in the State through sale of said property to the ·State under proceedings to collect taxes. The district court held that neither plaintiff nor defendant had title to the property, but that title was in the State of New ·Mexico.

The principal question is whether the description of land in proceedings to tax it, and in the tax sale certificate and in a tax deed conveying it to the State following a sale for taxes, was sufficient to identify it as the land described in appellant's (plaintiff's) complaint, so that title thereto passed to the State.

While E. J. Johnson was record owner of the 2,127.4 acres of land described in plaintiff's complaint, he listed for taxation

as his property 2,402 acres of land in Rio Arriba County, New Mexico, for the years 1931, 1932, 1933 and 1934. It was listed, assessed, sold for taxes for said years, and a tax sale certificate issued and thereafter conveyed by tax deed to the State of New Mexico under the following description: "Real estate in Rio Arriba County, assessed to E. J. Johnson, P. O. Denver, Colo., described as Tr. 34 and 35, T. A. Grant, District 39, containing 2402 acres."

The trial court found from extrinsic evidence that the letters and words "T. A. Grant" refer to and mean "Tierra Amarilla Grant," "Tr. 34 and 35", mean Tracts 34 and 35, and the word and figures "District 39" refer to and mean School District 39; that as the statutes contemplate land shall be assessed for taxation in the name of the owner, and E. J. Johnson rendered it for taxation as his land under the above description, it would be assumed that E. J. Johnson owned the land described in the tax proceedings and tax deed.

The statute, section 141-203, Sts.1929, among other things provides that every person, firm, association and corporation shall, in each year, list with the assessor all property subject to taxation "of which he is the owner; * * * together with a statement of the county in which the property is situated or [in] which it is liable to taxation, *and a description of all real estate, such as would be sufficient in a deed to identify it so that title thereto would pass.*" (Emphasis ours.)

That portion of the statute quoted in italics was construed in Eaves v. Lowe, 35 N.M. 610, 5 P.2d 525, 527. We held that: "The description, though on its face uncertain, may be aided by extrinsic evidence, which, *by means of data furnished by the description itself,* will resolve the uncertainty." (Emphasis ours.)

These words were again construed in Lawson v. Hedges, 37 N.M. 499, 24 P.2d 742, 743, in which the holding in the Eaves case, with some clarification, was approved. The description of the property involved in the Lawson case and as described in the complaint was: "Situate in the county of Otero and being small holding claim No. 486 in Section 19, township 13, south of Range 12, East, 129.02 acres."

In that case appellants claimed under two tax deeds, in which the land was described respectively as, "Claim No. 483 in Sec. 19, T. 12, S., R. 12 E—128 acres assessed against Ella B. Hedges, situate in Otero County," and "The...parcel...of real estate...assessed against Ella Blazer Hedges, situate...in precinct No. —— and School District No. 7 in said county of Otero, to-wit: Claim 483, Section 19, Township 13, Range 12."

The land involved in that case was listed for taxation in the name of Ella Blazer Hedges, who died before the land was subject to taxation. It was patented to her heirs under the description "Small holding claim No. 486 in Section 19, Township 13, South of Range 12 East, containing 129.02

acres." There was no claim No. 483 in said Section 19.

It is apparent that the error was in describing the land as small holding claim 483 instead of small holding claim 486.

But this court held that the description was not sufficient to identify the land taxed as that in suit. We followed the rule stated in Cooley on Taxation, 4th Ed., Sec. 1175, and held that the statute has reference to the general rule regarding descriptions in tax deeds or other conveyances in invitum and not in those in a deed inter partes. We said:

"But is a deed inter partes the correct criterion? As noted in Eaves v. Lowe, supra, there is a fundamental difference between the contract known as a deed, and a tax assessment. In sustaining an imperfect description in a contract, the result is but to carry out the proven intention of the parties. The intention of the tax assessor is of little, if any, importance. The question is one of notice to the owner.

"It is not necessarily to be drawn from the statute that a description sufficient in any deed, and in any kind of controversy, will be sufficient in an assessment. It is more readily to be inferred that the deed referred to in the statute is a tax or other conveyance in invitum. The former statutory requirement, as interpreted in Manby v. Voorhees, 27 N.M. [511], 526, 203 P. 543, and the line of cases following that decision, was much more strict than the generally prevailing rule. We think the intention, in discarding the strict rule, was rather to conform to the general rule, based on principle, than to pass arbitrarily to the other extreme."

And quoted with approval from Cooley on Taxation, 4th Ed., Sec. 1175, as follows: "The purposes in describing the land are: First, that the owner may have information of the claim made upon him or his property; second, that the public, in case the tax is not paid, may be notified what land is to be offered for sale for the non-payment; and, third, that the purchaser may be enabled to obtain a sufficient conveyance. If the description is sufficient for the first purpose, it will ordinarily be sufficient for the others also."

The land involved in that case was listed for taxation in the name of Ella Blazer Hedges, who died before the land was subject to taxation. It was patented to her heirs under the description "Small holding claim No. 486 in Section 19, Township 13, South of Range 12 East, containing 129.02 acres." The acres taxed were 128, the land was known as the "Hedges Place." In holding that the description was not sufficient from which the land taxed could be identified as the land in suit, this court said: "Moreover, if we should accept appellants' contention, reject the claim number as error, and look to the remainder of the description, we find insufficient 'data' to identify the land. The difference between 128 acres and 129.02 is small. Still, it is an inaccuracy, and on its face points to different land than that described in the complaint. * * * In short, com-

paring the description in appellants' deeds with the description in the complaint, there is no identity except the section, township, and range. Whether a deed inter partes could survive all these objections, we need not say. We consider them fatal to a tax assessment and deed."

It appears from the extrinsic evidence that there are 11 tracts numbered 34 and 15 numbered 35 within the Tierra Amarilla Grant, none of which contains anything like the number of acres described in the tax deeds. The land in suit is within a tract of 4,973.4 acres that has been numbered 35, and there is a tract of 7,849 acres numbered 34, adjoining said tract numbered 35, but no part of the land in suit lies therein.

The trial court concluded that the description in the tax proceedings and tax deed could be fairly read to be: "2,402 acres of land in Tierra Amarilla Grant, School District 39, Rio Arriba County, New Mexico, owned by E. J. Johnson," and apparently concluded that "Tr. 34 and 35," in the description in the tax deed, was of no value as data for identifying the property sold for taxes, to which we agree.

The trial court's findings of fact contained the following:

"That the description of the property assessed and sold to the State of New Mexico is fairly, '2402 acres in Tierra Amarilla Grant, School District 39, Rio Arriba County, New Mexico, owned by E. J. Johnson.'

"That the lands actually owned by E. J. Johnson in the Tierra Amarilla Grant were readily ascertainable from the recorded deeds on file in the county, the land which he owned at the time of the tax assessment was definitely identified as the same property described in the plaintiff's complaint, and no other tract or tracts were assessed to E. J. Johnson.

"That the land in question was within the area considered by the assessor in School District 39.

"That the tax description used was based upon a tax return made by Johnson himself."

The trial court's conclusion that the property in suit was definitely identified as the property taxed is based largely upon the testimony of engineer W. G. Turley. To a hypothetical question Turley answered that, given a description of the property as it appears upon the tax roll, certain named deeds describing the land in suit and other lands, and a map of Tierra Amarilla Grant, he would be able, from the information contained therein, "to locate the property still remaining in the title of E. J. Johnson." He identified a plat he had drawn of that property. Thereupon the following occurred:

"The Court: If I correctly understand you, Mr. Turley, taking the description that you found on the Tax Roll, and endeavoring to locate what lands were described by that Tax Roll description, you referred to the original deed to the lands

which E. J. Johnson acquired in this Grant? A. Correct.

"The Court: And then referred to the descriptions in the deeds by which he conveyed portions of what he had acquired? A. That is correct.

"The Court: And after excluding those conveyances Johnson had made, you determined this particular tract, according to what he had left? A. Correct, and also it checks with the deed, the copy of the quit claim deed which was given to Kenneth A. Heron.

"The Court: That was a matter of checking to see whether you agreed with Johnson, is that it? A. Yes, I located the original deed first, the original deed from O. W. Hampton—

"The Court: I know, but; excluding from consideration the quit claim deed from E. J. Johnson and wife to Kenneth A. Heron, your method of identifying the tract of land that appeared on the Tax Rolls, was a matter of exclusion? A. That's exactly it, yes.

"Mr. Heron: Did you identify this land, call it the residue that Johnson had, or gave me deed for, did you identify that as the land that is on the Tax Roll? I don't believe you did. A. No, I didn't identify it as the land on the Tax Roll."

'It clearly appears from this testimony of Mr. Turley that he did nothing more than take the information furnished by certain deeds and therefrom platted the lands in suit, and never attempted to identify such lands with the lands that were taxed. He assumed they were identical without evidence of it.

We gather from the extrinsic evidence that one Rockhill owned 12,822.4 acres of land situated in Rio Arriba County, New Mexico, which he conveyed to the Arlington Land Co. That company conveyed out of it three tracts aggregating 275 acres. The remaining tract of 12,547.4 acres was conveyed by it to O. W. Hampton, who conveyed it to Elmo J. Johnson. Johnson conveyed two tracts aggregating 10,420 acres, and then conveyed the balance of 2,127.4 acres (the land in controversy) to appellant.

The land described in the tax deed was in Rio Arriba County, which covers more than 5,000 square miles, and the court found it was "within the area considered by the assessor as school district No. 39," when it was assessed. The trial court did not establish the area which the assessors, during the years of 1931 to 1934 inclusive, considered to be in school district 39. This indefinite finding of the trial court was brought about by the fact that the boundaries of school district 39 as it now exists were not established until 1938. The appellant, who is an engineer, testified in substance that he was employed by the State Tax Commission in 1938 to establish the boundaries of eighty school districts in Rio Arriba County. That prior thereto but six districts in the county of Rio Arriba had established boundaries. That in establishing these boundaries he apportioned to each district certain lands, giving consideration to the roads and other means of access to the established schools, and gave no con-

sideration to previous assumed boundaries. That school district 39 was established in this way, and that prior to 1938 it had no actual or approximate boundaries. This testimony is undisputed and if not true could have been easily contradicted. We find no evidence in the record to indicate what lands were "considered by the assessors to be in school district 39," in making the assessments for the years of 1931 to 1934 inclusive, or its assumed boundaries.

■ School district 39, as established in 1938 for the State Tax Commission, contained 23,634.4 acres and the land in suit is located therein. The data "district 39" furnished by the tax deed, when considered with the extrinsic testimony and the trial court's findings, is too indefinite to assist in identifying the land described in the tax deed as that in suit. We still have the data "2402 acres" in the Tierra Amarilla Grant, and the extrinsic evidence and finding of the court, that no other tract was assessed to Johnson for the years 1931 to 1934 inclusive. In Lawson v. Hedges, the land in suit was a tract of 129.02 acres, the land taxed was 128 acres. This court stated: "The difference between 128 acres and 129.02 is small. Still, it is an inaccuracy, and on its face points to different land than that described in the complaint." Certainly a difference of 275 acres would point to a different tract of land. Appellees state that if the 275 acres sold by the Arlington Land Company out of the original tract it bought from Rockhill are added to the 2,127.4 acres the sum will be 2,402.4 acres. If the discrepancy was in any way connected with those tracts, it does not appear in the findings or evidence.

The trial court found as a fact that no other lands than those described in the tax deed were assessed to Johnson for the years 1931 to 1935 inclusive, from which it is reasoned that the intention must have been to assess the lands in suit.

■ The general rule stated in Eaves v. Lowe, supra, has reference to deeds inter partes. Lawson v. Hedges, supra. It is that though the description in a deed is uncertain it may be aided by extrinsic evidence if furnished by data in the description itself, or as has been otherwise stated, "if the description * * * furnish the key to the identification of the land intended to be conveyed," Smith v. Federal Land Bank, 181 Ga. 1, 181 S.E. 149, 150; or if the description is "either certain in itself, or capable of being reduced to certainty by a reference to something extrinsic to which the deed refers," Buckhorn Land & T. Co. v. Yarbrough, 179 N.C. 335, 102 S.E. 630, 631; or "if there appears therein enough [in the description] to enable one, by pursuing an inquiry based upon the information contained in the deed, to identify the particular property to the exclusion of [all] others," Coppard v. Glasscock, Tex.Com.App., 46 S.W.2d 298, 300; or if the deed itself furnishes "the means of identification," Ault v. Clark, 62 Ind.App. 55, 112 N.E. 843, 845; or if the description "can be made certain * * * [by] inquiries suggested by the description given in such deed," Ford v. Ford, 24 S.D. 644, 124 N.W. 1108; or the description in a deed must be sufficiently

certain to identify the land therefrom or furnish the means with which to identify it, Hamilton v. Rudeen, 112 Or. 268, 224 P. 92.

The effect of the holdings in these decisions is that the description of real estate in a deed inter partes is sufficient if it identifies the property intended to be conveyed by it, or furnishes means or data which point to evidence that will identify it. The rule is stricter in tax deeds or other conveyances in invitum. Lawson v. Hedges, supra.

Property may be legally taxed in this state, whether listed in the name of the owner, an unknown owner, or one not connected with the title. The statute requiring "a description * * * such as would be sufficient in a deed to identify it so that title thereto would pass," and applying to all assessments however listed, and to be aided only "by means of data furnished by the description itself," irrespective of whether it is listed in the name of the owner, named or unknown, or one having no interest in the property, it may well be doubted whether the name of the party in whom it is listed constitutes any part of the description of the property. It must be sufficient, aided by data furnished by it, to identify the property. It would seem, therefore, that the description must furnish data sufficient to identify it, irrespective of ownership.

In this case all we have by way of description that is certain is 2,402 acres of land in the Tierra Amarilla Grant, Rio Arriba County, New Mexico, a description that is totally insufficient. But assuming, as the trial court did, that Johnson having listed the property in his name, his ownership may be added to the description for the purpose of identifying the property, still we find no data or information in the description itself pointing to the negative fact that no other property had been listed for taxation in Johnson's name during the years mentioned. But should we add this fact to the description, it is not sufficient, as it does not follow that Johnson did not own 2402 acres of land in the Tierra Amarilla Grant, and that the land in suit had not been assessed for taxation during those years. There was no evidence on this question. The effect of the trial court's finding is to add to the description the words: "Being all the land owned by E. J. Johnson in the Tierra Amarilla Grant." If such had been a part of the description, then extrinsic evidence could have been introduced to show that the land in suit was the only land owned by Johnson in the Tierra Amarilla Grant, thus making identification certain. But the description suggests the existence of no such fact.

We are of the opinion that the description in the assessment list and tax deed did not furnish data pointing to facts provable by extrinsic evidence that would identify the land in suit as the land described in the tax deed.

See the following authorities: Armijo v. New Mexico Town Co., 3 N.M. 427, 5 P. 709; N. H. Ranch Co. v. Gann, 42 N.M. 530, 82 P.2d 632 (on rehearing); Foster v. Bennett, 44 N.M. 618, 107 P.2d 321; De Gutierrez v. Brady, 43 N.M. 197, 88 P.2d 281; Dickerson v. Montoya, 44 N.M. 207, 100 P.

2d 904; State v. Board of Trustees of Las Vegas, 32 N.M. 182, 253 P. 22; Lawson v. Hedges, supra; Eaves v. Lowe, supra; Detroit, etc., Ry. Co. v. Howland, 246 Mich. 318, 224 N.W. 366, 68 A.L.R. 1, and annotations at page 4 et seq., entitled "Admissibility of parole evidence to explain ambiguity in description of land in deed or mortgage," and particularly see annotation at page 65 et seq., entitled "Ambiguous description in deed executed at judicial sale." And see the following cases construing a prior governing statute: Manby v. Voorhees, 27 N. M. 511, 203 P. 543; King v. Doherty, 32 N.M. 431, 258 P. 569.

Our conclusion renders it unnecessary to decide other interesting questions presented.

The decree of the district court will be reversed and the cause remanded with instructions to enter a decree for appellant. It, is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.