132 P.2d 713

**CHAVEZ et al. v. TRUJILLO.**

No. 4724.

Supreme Court of New Mexico.

Nov. 17, 1942.

Rehearing Denied Jan. 13, 1943.

J. Lewis Clark, of Estancia, for appellant.

Charles B. Barker, of Santa Fe, for appellees.

BRICE, Chief Justice.

The appellees brought this action in ejectment to recover possession of certain property described in the complaint by metes and bounds, situated in Torrance County, New Mexico.

Appellees, as heirs of their father and as purchasers from other heirs, became owners of the land involved, to-wit, 94.50

acres of land described by metes and bounds, situated in Torrance County, New Mexico. The appellant claims by virtue of a tax sale certificate and tax deed conveying some property to him upon the payment of the taxes for the year of 1936 with interest and penalties.

The description of the land in the tax sale certificate is as follows: "80 acs. on SE corner of Torreon Grant assessed to Porfirio Chavez Estate 1936." The tax deed contains the following description: "80 acres in the Torreon Grant in the Southeast corner of the grant."

██ This court has held a number of times that under the statutes of New Mexico the description "though on its face uncertain, may be aided by extrinsic evidence, which, by means of data furnished by the description itself, will resolve the uncertainty." Eaves v. Lowe, 35 N.M. 610, 5 P. 2d 525, 527; Lawson v. Hedges, 37 N.M. 499, 24 P.2d 742; Heron v. Ramsey, 45 N.M. 483, 117 P.2d 242; Dickerson v. Montoya, 44 N.M. 207, 100 P.2d 904; Manby v. Voorhees, 27 N.M. 511, 526, 203 P. 543.

██ The only data furnished by the description in the tax deed and tax sale certificate is that the real estate was situated in School District No. 2 in Torrance County, New Mexico, and "on (or in) the Southeast Corner of the Torreon Grant" and consisted of 80 acres of land.

There is no evidence in the record showing the manner of assessment on the tax rolls, but we will assume that the certificate and tax deed followed that description.

There is nothing in the description, nor is there any extrinsic evidence, that would indicate that there is a tract of 80 acres of land belonging to any individual, lying in the corner of the Torreon Grant. The tract of land in suit is 94.50 acres. Whether the 80 acres was oblong or square is not shown. What particular 80 acres of land that cornered with the southeast corner of the grant cannot be discovered from any evidence in the record.

██ A number of questions were raised, among them, whether the court erred in refusing to admit the certificate and tax deed in evidence. But error, if any, is harmless. If they had been admitted in evidence, the description was insufficient; and we find no extrinsic evidence offered that would clear the uncertainty.

██ We might add that no exceptions were taken to the findings of fact. They support the judgment and cannot be questioned in this court.

The judgment of the district court is affirmed.

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.

ZINN, J., did not participate.

On Motion for Rehearing.

BRICE, Justice.

 It is asserted that this court failed to pass upon appellant's assignment of er-

ror Number 4, which is as follows: "The trial court erred in excluding the testimony of defendant's witness Gordon F. Morrow, Secretary of New Mexico Abstract Company of Estancia, New Mexico."

We were, and are now, of the opinion that the assignment was abandoned. The point made in appellant's brief under this assignment of error is as follows: "The defendant further charges the trial court with finally committing error in finding the issues for the plaintiffs on the basis that the defendant's tax deed, together with the evidence offered and rejected by the court, was void and of no effect, for the reason that the description in the said deed (exhibit 1) was insufficient to describe any tract of land and did not convey any title to the said lands."

It asserts no error upon the ground of the exclusion of the testimony of the witness Morrow. Under this point the following statement is made: " * * * he offered the testimony of Gordon F. Morrow, secretary of the New Mexico Abstract Company of Estancia, New Mexico, bonded abstractors whose testimony was upon objection from the plaintiff's counsel, rejected, and defendant then and there made his offer of proof, (tr. p. 84, 85, 86, 87)."

The rejected evidence is not otherwise referred to. We were not advised by appellant's brief in chief what evidence was excluded by the trial court, to which the assignment of error was directed, or upon what legal grounds it is claimed that the trial court erred in excluding it. Neither is stated in the point or argument. An assignment of error not supported by point and argument will not be considered by the Supreme Court. Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99.

But the deed furnishes no data which would authorize the introduction of extrinsic evidence to prove either the ownership of the land in 1936, purported to be conveyed by the tax deed, or its location on the ground. There was no ground for the admission of extrinsic testimony.

The motion for rehearing is overruled.

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.

ZINN, C. J., did not participate.