**191 P.2d 350**

**STEVENS et al. v. FINCHER et al.**

No. 5064.

Supreme Court of New Mexico.

March 15, 1948.

Douglass K. Fitzhugh, of Hot Springs, for appellants.

Nils T. Kjellstrom, of Hot Springs, for appellees.

McGHEE, Justice.

The appellees obtained a decree quieting title to lots 3 to 10, inclusive, in block 51 of La Vista Addition to Hot Springs, New Mexico, based on a tax deed.

The attack of appellants on the tax deed was aptly summarized by the trial court as follows: (a) that the taxes against the property for 1938 were assessed against one F. N. Stevens, who appears to have

been a stranger to the title; (b) that the period of redemption had not expired when the tax deed to the state was made by the county treasurer; (c) that the deeds are invalid and void because based on a tax sale certificate which recites the date of sale as of December 4, 1939, when in fact the sale to the state could have been on December 8, 1939, only, wherefore said tax sale certificate also is void; (d) that the deeds are invalid and void because of the mistakes, errors, uncertainties and discrepancies appearing in the dates and recitals therein; (e) that the deeds and tax sale certificates are invalid, of no effect, and void for lack of a sufficient and proper description of the property to identify the same, or to point out information directly leading to the identification of the property, with the lands in question in this suit.

█ Property may be legally taxed in New Mexico whether listed in the name of the owner or one not connected with the title. Heron v. Ramsey, 45 N.M. 483, 117 P.2d 242.

The appellants introduced an abstract of the lots excluding the tax sale certificates and deeds which were introduced by appellees, which includes the dedication of the La Vista Addition to the then Village of Hot Springs, a plat said to accompany it (although it is not copied into the record), and the acceptance on the part of the municipality. This dedication gives the legal description of the addition. It was agreed at the trial that the trial court might and should inspect the records of the county clerk's office to determine the correct filing date of the tax sale certificate; and for other matters if deemed expedient; and that the court should assume and take judicial notice of the situation of the village, town or city of Hot Springs and the location of the school districts of Sierra County, especial reference being had to School District No. 6. Based upon the matters appearing in the abstract and the inspection of the records in the county clerk's office, plus the matters which it was agreed might be judicially noticed the court made its findings of fact of which we copy the following:

"5. The defendant Thomas B. Williams, M.D., claims title to said eight lots, Nos. 3, 4, 5, 6, 7, 8, 9, and 10, under and by virtue of a deed to him from the State Tax Commission of New Mexico, dated November 6, 1942, filed August 9, 1945, and recorded in Book Q, page 169, of said Warranty Deed Records (Abstract 18). Among other things this deed recites that the property therein was sold to the State for delinquent taxes as evidenced by tax sale certificate No. 1088 executed by the Treasurer of Sierra County on December 18, 1939; that more than two years had elapsed since the date of 'issuance and sale of said certificate;' that on December 8, *1942*, the County Treasurer executed and delivered to the State tax deed No. 696 covering said property and that said deed was recorded in

Book E, page 469, of Deed Records of said county; that the consideration for the deed to Williams was $15.00 received. The description of property set forth in the deed was: 'real estate, situate in the County of Sierra, State of New Mexico, to-wit: Lots 3 to 10 inclusive, La Vista, Block 51.'

"6. The tax sale certificate No. 1088 mentioned and referred to in the deed from the State Tax Commission to Williams was made December 18, 1939, by the County Treasurer of Sierra County, upon sale of the property for delinquent taxes for 1938 (Abstract 16). It is in the prescribed form and recites that the property 'was, on the 4th day of December, 1939, duly sold by me in the manner and form prescribed by law, for the delinquent taxes for the year 1938, * * * to State of New Mexico * * * said State of New Mexico being the best bidder therefor.' In said certificate the description of the property is written as:

" 'real estate in said county and state, to-wit:

" 'Lots 3 to 10 inc. La Vista Block 51,

" 'Valued at $24.

" 'Assessed to F. N. Stevens, S. D. No. 6.'

"7. The tax deed No. 696, from the Treasurer of Sierra County to the State of New Mexico, mentioned and referred to in the deed from State Tax Commission to Williams, bears date of December 8, 1942. It was filed January 12, 1942, and recorded in Book E, page 469, of Quitclaim Deed Records of the County (Abstract 17). It recites that it is issued pursuant to the sale of the property for taxes for 1938 'held on the 4th day of December, 1939, and tax sale certificate No. 1088 therefor issued and dated the 18th day of December 1939, more than two years having elapsed since the date of the said tax sale certificate and property not having been redeemed.' Said tax deed No. 696 gives description of the property conveyed as: 'property heretofore assessed to F. N. Stevens, situated in School District No. 6 in the County of Sierra, State of New Mexico, to-wit: Lots 3 to 10 inclusive, La Vista, Block 51.'

"8. Examination made by Court and counsel together of the records of the County Clerk's office disclosed proof that the recording date of said tax deed No. 696 was January 12, 1942, as it purports to be. This was made clear by the filing and recording dates of the several instruments immediately preceding and following the record of said deed on consecutively numbered pages of the record book. The Court finds that the date of December 8, 1942, written in said tax deed as the date of its issuance is erroneous; although the recitals in the deed of the Tax Commission to Williams referring to such tax deed show that such date was actually written therein. From the evidence and the recitals in the instruments and the circumstances of the case the Court finds that the date

year written in said tax deed as '1942' was a typographical error, and that the correct date which was intended to be written was December 8, 1941.

"9. Reference to calendar shows that the tax sale held in December, 1939, for delinquent taxes of 1938, commenced on December 4th and concluded on the 8th. December 8th was the day on which property not sold to others at such sale was struck off and sold to the State for such delinquent taxes, and was the only day of the sale on which sale to the State could be made. The sale was the regular tax sale held pursuant to statutory command and the time therefor was fixed by law. The reference to such sale as 'on the 4th day of December, 1939,' contained in the tax sale certificate No. 1088 and in the tax deed No. 696 (Abstract 16, 17), served only to identify it as the statutory tax sale of 1939, and did not shorten the taxpayer's period of redemption and did not adversely affect the taxpayer's interest or rights, in that the full period of redemption was allowed after the property was struck off and sold to the State on December 8, 1939, and no redemption was made or offered. The 8th day of December, 1941, on which the Treasurer executed the tax deed No. 696 to the State, was after expiration of the period of redemption from tax sales made to the State on the fifth day of the statutory tax sale of property for delinquent taxes for 1938, which commenced December 4 and continued daily until concluded on December 8, 1939.

"10. The Court takes notice of the fact and finds that School District No. 6 of Sierra County, New Mexico, was and is the municipal school district of the village, town or city of Hot Springs, Sierra County, New Mexico. La Vista Addition to the Village of Hot Springs, New Mexico, is an addition to such village, town or city, containing sixty-four blocks numbered 1 to 64 (Abstract 1), and in practice there can be no other addition of that name in Hot Springs. The deed from the State Tax Commission to Williams so mentions, refers to and recites from the tax sale certificate No. 1088 and tax deed No. 696 (which in turn refers to the certificate) as to charge the reader of said Williams deed with knowledge of the information furnished by said instruments and to make the same available to describe and identify the property conveyed. Thereby it fully appears that the property conveyed was 'Lots 3 to 10, inclusive, Block 51, La Vista, in School District No. 6 of Sierra County, New Mexico,' which is plainly to say 'Lots 3 to 10, inclusive, Block 51, La Vista, in Hot Springs, New Mexico,' which description and reference with common understanding leads directly and unerringly to the identical property in suit, to-wit, 'Lots 3 to 10, inclusive, Block 51, of La Vista Addition to the Village of Hot Springs, New Mexico.' "

In view of the findings of the trial court as to the correct dates of the instruments, it was correct in concluding that the two-year period of redemption had expired when the treasurer executed tax deed No. 696 to the State of New Mexico.

We are of the opinion that the description of the property set forth in the deed made by the State Tax Commission to Williams, considered with the information furnished through the recitals in the deed is sufficient to point out and identify the property, and does do so as set forth in the findings, in accordance with the rule announced in Heron v. Ramsey, supra.

The other questions raised by appellants are without merit.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.