260 P.2d 709

PADILLA et ux. v. NORTHCUTT et al.

No. 5560.

Supreme Court of New Mexico.

Aug. 11, 1953.

Rehearing Denied Sept. 8, 1953.

Irwin S. Moise, Lewis R. Sutin, Albuquerque, for appellants.

Robert Hoath LaFollette, Albuquerque, for appellees.

LUJAN, Justice.

Appellees, plaintiffs below, brought suit to quiet title to a tract of land, consisting of 6.85 acres situated in Bernalillo County, New Mexico. The appellants, defendants below, filed an answer and cross-complaint alleging ownership of a tract of land which overlaps the land described in appellees' complaint.

Evidence, both oral and documentary, was introduced. The court found that the appellees were the owners in fee simple of the land described in their complaint, subject to the effect, if any, of tax deed issued to the appellants, and quieted their title thereto. It also dismissed appellants' cross-complaint. The appellants filed a motion for a new trial which was denied and they appeal.

Findings of fact made by the court:

"1. That the real estate particularly described in Paragraph II of the Complaint filed herein as Tract One of said real estate, and being within the Pajarito Grant, and as containing 6.85 acres, more or less, the survey description of which appearing in the complaint herein being incorporated herein by reference as though set out herein in full, was deeded by Melquiades Montoya, et al., on March 10th, 1924, to Rafael Padilla, a plaintiff herein, under the following description:

"A tract of land in Los Padillas, Precinct No. 6 in the County of Bernalillo, and State of New Mexico, to-wit:

"Measuring Two Hundred Eighty-three yards and two feet (283 yds. and 2') in width; and Three Hundred Thirty-two yards and two feet (332 and 2') in length, and Bounded: On the North by land of Estanislao Padilla, on the South by land of Manuel Chavez, On the East by the bank of the River and On the West by land of Nestor Savedra.

"2. That plaintiffs had full, open, notorious, and undisturbed possession, for more than ten years prior to August 23rd, 1937, of all of said lands, under a fence, holding the same by virtue of the deed of conveyance referred to in the preceding requested finding No. 1, which deed purported to convey an estate in fee simple to said lands."

"11. That plaintiffs are the owners, in fee simple, of all of the lands involved in this action, which appear on Map 57 of the surveys of the Middle Rio Grande Conservancy District, and are entitled to a decree herein quieting their said title in and to all of said lands.

"12. That the only lands actually involved in the dispute between the plaintiffs and the defendants, is the small triangular piece of land, being the portion of Tract 11 appearing on Map 58 of the said surveys of the Middle Rio Grande Conservancy District, which triangular piece of land is owned, in fee simple, by the plaintiffs, unless defendants have acquired title thereto under said tax deeds and said deed from the State Tax Commission of New Mexico."

Based upon the above findings the court concluded as a matter of law:

"1. That plaintiffs are the owners in fee simple of all of the lands described in their complaint as against the defendants, and are entitled to a decree quieting their title in and to the same.

"7. Plaintiffs are entitled to a decree quieting their fee simple title in

and to all of the lands described in the complaint as against the defendants, and the cross-complaint of the defendants should be dismissed."

Appellants assign twenty-four errors which are based upon the findings of fact and conclusions of law made by the court and its refusal to adopt defendants' requested findings of fact and conclusions of law. These assignments are argued under two points.

Under Point 1, appellants claim that there is no evidence to show any title in plaintiffs to the land described as tract one of their complaint.

The first question to be determined is whether or not there is substantial evidence to support the findings that the land described in the appellees' complaint is owned in fee simple by the appellees.

The facts are substantially as follows: On March 10, 1924, Melquiades Montoya and Lazarita M. Montoya, his wife, et al., conveyed the above tract of land to appellees, who are and have been in possession thereof ever since said date. The deed described the property by yards and feet: "Two hundred eighty three yards and two feet in width, and Three hundred thirty-two yards and two feet in length." Following the yards and feet description is the following:

"Bounded on the north by land of Estanislao Padilla; on the south by land of Manuel Chavez; on the east by the bank of the river; and on the west by land of Nestor Savedra."

From the whole description, the intention of the grantors was to convey of their property that part bounded on the north by lands of Estanislao Padilla; on the south by the land of Manuel Chavez; on the east by the bank of the river; and on the west by land of Nestor Savedra; all of which was enclosed by a fence. These lines are of easy ascertainment, as the north, south, east and west boundaries of the land conveyed. The plaintiffs' title was connected by the evidence with this conveyance.

Rafael Padilla, one of the appellees, testified in substance that at the time the warranty deed was delivered to him the land was fenced in and that all of the land conveyed to him is now under fence; that he took immediate possesson of it and has had possession thereof ever since said date; that he has paid the taxes on said land every year since he purchased it; that this tract of land adjoins the property of Manuel Chavez on the south.

Melquiades Montoya, one of the grantors, testified in substance that he sold the land to appellees on March 10, 1924; that at the time he sold the property it was all fenced in; that this tract of land adjoins property of Estanislao Padilla on the north side, and that it runs up to the bank of the river on the east side; that the fence is still there.

Sinesio Torres, called by appellees, testified that he owns a tract of land on the east side of the disputed land; that he is familiar with it; and that the land was fenced in the last time he saw it.

Juan Torres, also called by appellees, testified that he lives in the neighborhood where the land is located; that he is familiar with the disputed land; and that the tract of land has been fenced in since 1932.

It appears from the testimony and the maps used at the trial that the tract of land described in the deed given the appellees has been located with sufficient accuracy.

■ In determining whether evidence is sufficient to sustain the trial court's findings of fact, this court will consider only that evidence and the inferences to be drawn therefrom which support the findings of the trier of facts, and we will not consider evidence unfavorable to the findings. Dickerson v. Montoya, 44 N.M. 207, 100 P.2d 904; City of Roswell v. Hall, 45 N.M. 116, 112 P. 2d 505; Williams v. Engler, 46 N.M. 454, 131 P.2d 267; Sundt v. Tobin Quarries, 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586.

Under Point II, appellants contend that their tax deed contained a description which, together with the recitals therein and extrinsic evidence taken therefrom, is sufficient to identify the land. We agree with this contention.

On June 21, 1950, the State Tax Commission issued a tax deed to the appellants, which described the property as "situate in Bernalillo County, State of New Mexico, to-wit: Map 58, Tract 11."

Upon this phase of the case the court made the following findings of fact:

"6. That the description in said Tax Deed No. 4486 is as follows:

"The following described property, heretofore assessed to Petra Salazar, situate in School District No. 6 in the County of Bernalillo, State of New Mexico, to-wit:

"Map 58, Tract 11        14.64 A."

"7. That the description in Tax Deed No. 4524, as property theretofore assessed to Petra Salazar, is as follows:

"Situated in School District No. 6, in the county of Bernalillo, State of New Mexico, to-wit:

"Map 58, Tract 11   14.64 A."

"No. 8. That the description contained in Tax Deed No. 2073, as property theretofore assessed to Saturnino Lueras, is as follows:

"Situated in school district No. 6, in the County of Bernalillo, State of New Mexico, to-wit:

"Map 58, Tr. 11   5.33 O"

"No. 9. That the description in the said deed dated June 21st, 1950, from the State Tax Commission of New

Mexico unto Boyd Northcutt and May (Mary) Northcutt, is as follows:

"Situate in the County of Bernalillo, State of New Mexico, to-wit:

"Map 58, Tract 11"

The data "Map 58, Tract 11" furnished by the tax deed, when considered with the tax deeds issued by the county treasurer to the State of New Mexico, is definite enough to assist in identifying the land described therein. Tract No. 11, Map 58, consists of lands formerly assessed to Petra Salazar and Saturnino Lueras. The deed from State Tax Commissioner to Boyd Northcutt and Mary Northcutt dated June 21, 1950, recites that it was issued pursuant to Tax Deeds Nos. 4486, 4524 and 2073, issued to the State of New Mexico, by the Treasurer of Bernalillo County. Thereby it fully appears that the property conveyed to the State were the tracts of land formerly assessed to Petra Salazar and Saturnino Lueras, and incorporated in Tract 11, Map 58, School District No. 6, of Bernalillo County, New Mexico.

A tax deed describing property conveyed as the property assessed to named individuals, situated in School District No. 6, in the County of Bernalillo, State of New Mexico, considered with the information furnished through recitals in tax Commissioner's deed was sufficient to identify the land referred to in cross-complainants' complaint, and said deed was not void for insufficient description. Stevens v. Fincher, 52 N.M. 52, 191 P.2d 350.

It follows from what has been said that the judgment of the trial court against defendants on their cross-complaint is reversed with directions to the trial court to enter judgment for defendants quieting their title to Tract 11, Map 58, Middle Rio Grande Conservancy District; in all other respects the judgment is affirmed, and it is so ordered.

SADLER, C. J., and McGHEE, COMPTON and SEYMOUR, JJ., concur.