263 P.2d 398

SAN LUIS POWER & WATER CO. v. STATE et al.

No. 5624.

Supreme Court of New Mexico.

Oct. 6, 1953.

Rehearing Denied Dec. 9, 1953.

F. S. Merriau, Raton, L. H. Larwill, D. K. Wolfe, Jr., Denver, Colo., for appellant.

Ruben Rodriguez, Santa Fe, for State Tax Commission.

Hilario Rubio, Asst. Atty. Gen., for State of New Mexico.

F. A. Catron, Santa Fe, for Rio Costilla Livestock Ass'n.

COMPTON, Justice.

This proceeding challenges the validity of a tax deed and the assessment upon which it is based.

Appellant's property was assessed as follows:

"* * * the following described property heretofore assessed to The San Luis Power .& Water Company, 404 Equitable Building, Denver, Colorado, situated in School District No. (10–14) in the County of Taos, State of New Mexico, to-wit:

" 'The Costilla Dam and the Irrigation Works of the San Luis Power and Water Company, located in the Sangre de Cristo Grant, approximately 16 miles south & east of the town of Costilla and approximately 5¼ miles north and east of the confluence of Costilla Creek with Comanche Creek and lying within Taos County and in the vicinity of latitude 36 degrees, 52 minutes, 25 seconds North, and longitude 105 degrees, 16 minutes, 55 seconds west. (See U. S. Geological Sur-

vey Water Supply, Paper 898, Page 228.)' "

Costilla Dam is an earthen dam constructed across the channel of Costilla Creek. Near the center of the dam there is a concrete circular tower inclosing machinery for the operation of valves and headgates. The dam impounds the water of Costilla Creek, thereby forming a reservoir when full about 2 miles long, one-half mile wide and 120 feet deep. The waters of the reservoir when needed for use are let through the dam into Costilla Creek and are carried down the creek some 24 miles where a subsidiary dam diverts the waters into two large canals, the Cerro and Acequia Madre, which then carry the water directly to lands to be irrigated in Taos County, New Mexico and Costilla County, Colorado. The division of the water between the two states, 63½ per cent to New Mexico and 36½ per cent to Colorado, is governed and regulated by a compact known as the Costilla Creek Compact, dated September 30, 1944 and approved by the legislature of both states, § 77–3303, 1941 Comp.Supp., and by the United States Congress. Water rights are owned by land owners of New Mexico and Colorado using them and are evidenced by so-called water deeds or water contracts. The aggregate amount of water called for by the outstanding water deeds, however, does not equal the total capacity of the reservoir.

The description in the tax deed is substantially the same as in the assessment.

■ It is asserted the term "irrigation works" limits the assessment to the physical structures only, the dam and machinery therein. The term "irrigation works" is comprehensive; it not only means the grounds and structures, but it includes the dam and machinery appurtenant thereto, dam site, reservoir and reservoir site as used by appellant in connection with irrigation. See State ex rel. State Tax Comm. v. San Luis Power & Water Co., 51 N.M. 294, 183 P.2d 605; Storrie Project Water Users Ass'n v. Gonzales, 53 N.M. 421, 209 P.2d 530; § 77–103, 1941 Comp.

■■ It is argued that the description in the assessment is not sufficiently definite to identify the property. An adequate and proper description is essential to taxation and the description itself, aided only by data furnished by it, must be sufficient to identify the property sought to be covered by an attempted assessment. This does not mean, however, that the description must be perfect. Baltzley v. Lujan, 53 N.M. 502, 212 P.2d 417; Stevens v. Fincher, 52 N.M. 52, 191 P.2d 350; Heron v. Ramsey, 45 N.M. 483, 117 P.2d 242. It would appear the description identifies the property assessed with reasonable certainty, in the following respects: (a) it is assessed as Costilla Dam and Irrigation Works, situated in School Districts (10–14); (b) it is lo-

cated in Sangre de Cristo Grant, *approximately* 16 miles southeast of the Town of Costilla; (c) it is *approximately* 5¼ miles northeast of the confluence of Costilla Creek with Comanche Creek; (d) it is in the *vicinity* of certain latitude and longitude; (e) it is identified by means of the U. S. Geological Survey Water Supply, Paper 898, p. 228. This survey places the dam 18 miles south and east of the Town of Costilla, in Costilla Creek, a distance of 125 feet upstream from a certain water-stage recorder. Moreover, appellant alleges that it is the owner of the Costilla Reservoir near the head waters of Costilla Creek, and it is the only Costilla Reservoir on Costilla Creek. There is no other Costilla Dam in School District (10–14). It is evident from the description given by the deed, aided by the extrinsic evidence, one would have no difficulty in locating Costilla Dam.

It is true, by following a line a distance of 16 miles south and east of the Town of Costilla to its intersection with a line projecting in a north and east direction a distance of 5¼ miles from the confluence of Costilla Creek and Comanche Creek, the intersection could be slightly to the east or west of the dam, depending on the starting point. It is also true the latitude and longitude fail to locate the dam at its exact location, the latitude being off approximately .29 of a mile and the longitude being off .4 of a mile. It must be borne in mind,

however, that the Town of Costilla commences at the Colorado line and extends south 2 miles. Bearing in mind also that distances and courses as given in the assessment were not exact but mere "proximation", by a slight variation to the left from the confluence of Comanche Creek with Costilla Creek, a distance of 5¼ miles, the point of intersection would designate the reservoir. And by following a course north and west from that point, a distance of 16 miles, the Town of Costilla would be designated. Obviously, these slight discrepancies are due to the fact that the Town of Costilla extends a distance of 2 miles, north and south.

Appellant makes the point that in assessing the dam and irrigation works, there has been only a partial assessment of its property. The contention is based on the proposition that the dam and irrigation works are separate properties from the reservoir, the reservoir site, the bed of the Costilla Creek and lands adjacent thereto. Cited in support thereof is our holding in Storrie, etc., v. Gonzales, supra. The case is not authority for the proposition urged. The dam and irrigation works of a district are assessable separately.

The "dam and irrigation works" were assessed as improvements and it is argued the assessment of improvements separate and apart from the land renders the assessment void. What we have said

disposes of this contention. It must be conceded that improvements affixed to land cannot be separately assessed but such is not the case. The dam and irrigation works are land notwithstanding they may have been so erroneously assessed. An erroneous classification does not change their character. 2d Kinney on Irrigation and Water Rights, Vol. 2, § 883.

It is contended that the assessment is void because it was not made pursuant to the provision of Ch. 86, L.1947, § 76–202, 1941 Comp.Supp., which reads:

"Property, real, personal and intangible shall be assessed in proportion to its value. Dams, reservoirs, tanks, canals, and similar structures used for irrigation or stock watering purposes, water rights and private roads, shall for the purposes of assessment be considered as appurtenances to the land they serve in New Mexico, and shall not be separately assessed, but their value shall be included in the value of the land which they serve."

The question posed is whether the act is applicable to assessments made prior to its passage. The assessment was for the year 1946. The act was approved March 17, 1947, and since it did not carry the emergency clause, became effective 90 days thereafter. There is no prohibition against retroactive legislation impairing the rights of the states where there is a clear and manifest intent to do so, Fulghum v. Madrid, 33 N.M. 303, 265 P. 454, but from our study of the act, we find no such intent. The taxes became a lien on the property January 1, 1946, and the taxes became due and payable November 1, 1946. The first half became delinquent December 1, 1946 and the second half May 1, 1947. On those dates penalties and interest accrued. At the time of the passage of the act, state and county budgets had been made, values determined, certified tax rolls had been delivered to the county treasurers and notices given to taxpayers. Possibly, some of the landowners had paid their taxes in full. Did the lawmakers contemplate the undoing of all this? Were the tax rolls to be returned to the assessor to ascertain what lands were served by the appellant? Were values to be redetermined and new notices given to taxpayers? Was there to be an additional payment of taxes? The act contains no such directive and certainly none is implied. Its language is clear and unambiguous and there is no room to read in it an intent not expressed.

Appellee challenges Ch. 86, L.1947, on constitutional grounds. Art. VIII, § 1, Constitution of New Mexico. In view of what has been said, the question is academic and will be passed.

It is contended the assessment violates the Costilla Creek Compact, Art. XIV, § 1, U.S. Constitution and Art. II, § 18, New Mexico Constitution in that it

constitutes extraterritorial taxation. In this respect, appellees do not question outstanding water rights or easements in the irrigation works and storage capacity and it may be said existing water rights and easements are not destroyed by the tax sale. However, this is not a class action and the rights of holders of easements are not before us. We will reserve a ruling on this point for a proper case. Nevertheless, tangible works are one thing and easements in the works such as held by the water users in Colorado, are something else. In any event, irrigation works of private companies such as appellant, are taxable at their situs. Storrie, etc., v. Gonzales, supra; North Side Canal Co. v. State Board of Equalization, 8 Cir., 17 F.2d 55; Alamogordo Improvement Co. v. Prendergast, 43 N.M. 245, 91 P.2d 428, 122 A.L.R. 1277; Murphy v. Kerr, D.C.N.M., 296 F. 536.

Notwithstanding the effect of the tax deed, appellant still claims it is the owner of the unsold portion of the reservoir, with the right to transfer therefrom water equaling such unsold portion thereof to the Eastdale Reservoir No. 1, in Colorado, for storage. The capacity of the reservoir at the time of the compact was 11,000 acre feet. 6,260.49 acre feet is allocated to Colorado and New Mexico, thereby leaving 4,739.51 acre feet not covered by outstanding contracts and not appurtenant to any

land. Appellant contends that by reason of such ownership of the unsold capacity of the reservoir, its right of storage therein for the benefit of the Eastdale Reservoir No. 1 is not affected by the tax deed. Art. XVI, § 3, New Mexico Constitution, provides, "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." Also § 77–102, 1941 Comp., provides:

"Beneficial use shall be the basis, the measure and the limit of the right to the use of water and all waters appropriated for irrigation purposes, except as otherwise provided by written contract between the owner of the land and the owner of any ditch, reservoir or other works for the storage or conveyance of water, shall be appurtenant to specified lands owned by the person, firm or corporation having the right to use the water, so long as the water can be beneficially used thereon, or until the severance of such right from the land in the manner hereinafter provided in this article. * * *"

Since the unsold capacity of the reservoir has never been put to beneficial use and, not being appurtenant to land, it logically follows that appellant lost its rights in the reservoir as a result of the tax sale. The capacity of the reservoir passed to the state with the sale of the dam and irrigation works. Alamogordo Im-

provement Co. v. Hennessee, 40 N.M. 162, 56 P.2d 1127.

The judgment will be affirmed, and it is so ordered.

SADLER, C. J., and McGHEE, LUJAN, and SEYMOUR, JJ., concur.