183 P.2d 605

**STATE ex rel. STATE TAX COMMISSION
v. SAN LUIS POWER & WATER
CO. et al.**

No. 4943.

Supreme Court of New Mexico.

July 28, 1947.

F. S. Merriau, of Raton, and Malcolm Lindsey and L. H. Larwill, both of Denver, for appellants.

Harry L. Bigbee, Sp. Tax Atty., of Santa Fe, for appellee.

McGhee, Justice.

The appellant, defendant below, is the owner and operator of an irrigation system consisting of a dam and canals in Taos County used for the storage and distribution of water to various farmers for irrigation purposes. In August, 1939, the

treasurer of Taos County attempted to assess the irrigation works of appellant for the years 1934 to 1938, inclusive. On such assessment a tax deed was issued to the State on December 4, 1941. The state sued to quiet its title under the deed and it was held void by the district court for lack of a description sufficient to identify the property.

The defendant water company filed a counterclaim asking a declaratory judgment that its works are not taxable apart from the increased value of the lands served thereby. The court held such works were subject to taxation and it is this decision the water company asks us to reverse.

The defendant does not own the lands which are irrigated but stores and distributes the water for hire to the landowners. The lands served by the defendant's system are in New Mexico and Colorado. The court found that it had never been the custom in the State of New Mexico to assess irrigation works separate and apart from the increased value of the lands served thereby, and concluded as a matter of law that such had become the public policy of the state.

Art. 8, Sec. 3, of the New Mexico Constitution provides: "The property of the United States, the state and all counties, towns, cities and school districts, and other municipal corporations, public libraries, community ditches and all laterals thereof, all church property, all property used for educational or charitable purposes, all cemeteries not used or held for private or corporate profit, and all bonds of the State of New Mexico, and of the counties, municipalities and districts thereof shall be exempt from taxation."

Section 76-101, 1941 Comp., provides: "All property, real, personal and intangible shall be subject to taxation, except as in the constitution and existing law otherwise provided. Taxation upon property shall be at the rates and subject to the conditions as may be fixed by legislative acts."

In Sims v. Vosburg, 43 N.M. 255, 257, 91 P.2d 434, 435, we said: "All tangible property in New Mexico is subject to taxation in proportion to value, and should be taxed, unless specifically exempted by the constitution or by its authority. Secs. 1, 3, and 5 of Article VIII, N.M. Constitution; Albuquerque Alumnae Ass'n v. Tierney, 37 N.M. 156, 20 P.2d 267; State v. State Tax Commission, 40 N.M. 299, 58 P.2d 1204."

Article 10, section 3, of the Constitution of the State of Colorado is as follows: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation

of all property, real and personal; Provided, That the personal property of every person being the head of a family to the value of $200 shall be exempt from taxation. Ditches, canals and flumes owned and used by individuals or corporations, for irrigating land owned by such individuals or corporations, or the individual members thereof, shall not be separately taxed so long as they shall be owned and used exclusively for such purposes."

It will be noticed that the New Mexico constitution exempts community ditches and their laterals, while the Colorado constitution exempts ditches, canals and flumes used in irrigating land owned by such individuals or corporations or the individual members thereof for irrigating their lands. This same company sought to have its irrigation works held exempt from taxation in San Luis Power & Water Co. v. Trujillo, 93 Colo. 385, 26 P.2d 537, 541 but the Supreme Court of Colorado there held such property taxable. It is true that there the ownership of the water was in the water company, while this case concerns public water, the use of which belongs to the owner of the land on which it has been beneficially used and is appurtenant thereto. It is the physical property of the defendant used for the storage and distribution of the water that is sought to be taxed, not the water rights.

■ The defendant says that as the water it delivers greatly increases the value of the land that, therefore, it is the land so benefitted that should pay the taxes and not its works, although it is in business for profit. It would, in our opinion, be just as logical to make the home owner pay the taxes of a public utility because its service adds value to the home.

■ Community ditches and their laterals are exempted from taxation by the constitution but other irrigation works are taxable.

The defendant strongly contends that because the taxing authorities have heretofore neglected their duties and failed to assess irrigation works that we should, in effect, hold that our constitution has been amended in this respect. This we cannot do.

■ The defendant likewise urges upon us that its plant is the only one in the State that has been so assessed and that it would be discriminatory to single it out for taxation. The record shows that the taxing authorities in Taos county have been trying to put this property on the rolls for many years but their assessments were held invalid by the district court. This is, however, a test case and the law having been declared it may be assumed that the taxing authorities will do their duty. Oden Buick, Inc., v. Roehl, 36 N.M. 293, 13 P.2d 1093. We agree that the defendant can not be singled out and its property alone assessed while other like properties are allowed to go tax free. Hillsborough Tp. v. Cromwell, 326 U. S. 620, 66 S.Ct. 445, 90 L.Ed. 358. This is

before us on a declaratory judgment, and if the taxing authorities fail to perform their duty and place other like properties on the tax rolls the district court may grant such relief as may be proper.

We have considered this case as of the time it was tried in the district court and leave the constitutionality of Chapter 86 of the 1947 Session Laws for determination to the time it may be properly brought before us.

We are of the opinion that the decision of the district court was correct. The judgment is affirmed, and it is so ordered.

BRICE, C. J., LUJAN and SADLER, JJ., and MARSHALL, D. J., concur.